N/S/I

CLINTON BROWN, Pro Se
16821 Edgar Street
Pacific Palisades, CA 90272
clinton@atlasinc.solar
310-487-6453
Note: The Clerk must not refuse to file a paper solely because it is not in the form prescribed by these rules or by a local rule or practice. *Fed. R. Civ. P. 5(d)(4)*

FILED
CLERK, U.S. DISTRICT COURT

APR 20 2023

CENTRAL DISTRICT OF CALIFORNIA
BY: _____EEE_____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LACV23-02972-FMO(Ex)

| | |
|---|---|
| CLINTON BROWN,<br>            Plaintiff,<br>      vs.<br>EMIL ASSENTATO, TAX DEED ENTERPRISES LLC, STEVE WEERA TONASUT TRUST,<br>            Defendants. | CASE NO.<br><br>Complaint<br><br>Judge:<br><br>Magistrate Judge:<br><br>Action Filed: 04/19/2023<br><br>Action Due: |

## JURISDICTION

The Court has original jurisdiction pursuant to 28 U.S.C. § 1331, arising under Federal questions, 15 U.S.C. § 77v(a) and 15 U.S.C. § 78aa(a).

## VENUE

Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

Plaintiff, CLINTON BROWN, resides at: 16821 Edgar St., Pacific Palisades, CA 90272

Defendant, EMIL ASSENTATO, resides at: 141 Piping Rd, Locust Valley, NY 11560

Defendant, TAX DEED ENTERPRISES, LLC, resides at: 2401 Boca Raton Blvd., Boca Raton, FL 33431

Defendant, STEVE WEERA TONASUT TRUST, resides at: 20147 Chapter Dr., Woodland Hills, CA 91364

COMPLAINT

Collectively, ("Defendants")

## STATEMENT OF FACTS

On December 18, 2020, Clinton Brown, ("Plaintiff"), purchased 32.4 acres of land in unincorporated Los Angeles County, located at 27250 Agoura Rd., Calabasas, CA 91301 ("Property") from Tax Deed Enterprises LLC ("Seller") *an entity controlled by Emil Assentato*. (Emphasis added). The Property was purchased on the open market for $299,000. To close the Escrow, Plaintiff paid a $10,000 cash deposit, recorded a first and second deed of trust for $179,000 and $110,000 from Steve Weera Tonasut Trust and Emil Assentato, respectively. The Plaintiff, *at the time*, believed the purchase was a standard real estate transaction between a buyer, seller, and private lender. (Emphasis added).

*Prior to and after the purchase*, Plaintiff was asked by the Defendants about the plans for the Property. (Emphasis added). Plaintiff planned to install a 20MW solar field. As a result of the transaction failing to be disclosed as an "investment contract," and thus a "security," the Plaintiff paid the *market price* of $299,000 for a *50% ownership interest* in the Property, while also being *solely responsible* for the development and resale of the solar facility in the *common enterprise* (i.e., profits). (Emphasis added).

## TIMELINE OF EVENTS

**October 22, 2020**, Plaintiff, Emil Assentato, and Tax Deed Enterprises LLC signed an operating agreement that stated the primary purpose of the "partnership" was to provide capital for the entitlement and rezoning of the property and facilitate the sale of the two land parcels that would be owned by the partnership.

**December 18, 2020**, Clinton Brown, Managing Member of The Atlas, LLC, signed the loan agreements secured by the deeds of trust. The Plaintiff purchased a 50% ownership interest. Emil Assentato received 30% ownership and Tax Deed Enterprises LLC received 20% ownership, as conditions for providing the second deed of trust so the

**COMPLAINT**

Plaintiff could close Escrow. The Property was owned outright by Tax Deed Enterprises LLC but had an unpaid property tax debt of $171,000.

**January 2021 – August 2021**, Emil Assentato *loaned* a total of $250,000 for the solar facility application studies and Plaintiff is *solely* responsible for paying back the loan *with interest*. (Emphasis added). Plaintiff paid monthly interest payments of $1,977.48 to Steve Weera Tonasut Trust for the $179,000 first deed of trust.

**September 2021 – January 2022**, The Plaintiff, *undercapitalized*, ceased making monthly interest payments to Steve Weera Tonasut Trust. (Emphasis added). Additionally, the solar facility permit was rejected by the Los Angeles County Department of Regional Planning.

**January 28, 2022**, The Plaintiff, *seeking capital*, agreed to transfer 15% of the Plaintiff's 50% ownership to the Steve Weera Tonasut Trust. Emil Assentato and Tax Deed Enterprises LLC *approved the transfer*. (Emphasis added).

**On February 1, 2022**, Steve Weera Tonasut Trust acquired a 15% undivided interest in the Plaintiff's Property for $100,000, together with, an agreement to delay interest payments on the $179,000 deed of trust until December 1, 2023.

**On December 17, 2022**, Plaintiff filed a suit under *42 U.S.C. § 1983* in Federal Court, claiming a Fifth Amendment Taking resulting from the October 12, 2021, denial of the solar facility permit, for which no redress was available.

## CLAIM

The law makes it clear that a poor financial decision is not subject to security laws. Security laws do apply pursuant to the *Securities Act of 1933* ("1933 Act") which prohibits the offer and sale of unregistered, non-exempt securities, as well as the offer and sale of registered securities without proper disclosure. The *Securities Exchange Act of 1934* ("1934 Act") prohibits any act that would operate fraud or deceit in a purchase or sale of a security. A "security" is defined in 1933 Act and 1934 Act and further defined in *SEC v. W. J. Howey Co., 328 U.S. 293, 66 S. Ct. 1100 (1946),* as to the form and

substance of an "investment contract." In this case, Defendants employed capital in a common enterprise, relied solely on the Plaintiff's entrepreneurial capital for the generation of profits and undercapitalized the development to the detriment of the Plaintiff. Manipulative and deceptive devices are violations of security statutes pursuant to *15 U.S.C.§ 78j(a)(2)*.

Accredited investors may be exempt from certain registration requirements; however, they are not exempt from disclosure. An offer and sale of an "investment contract" by the Defendants in this land transfer (with an unaccredited investor or accredited investor) does not exempt them from requirements set forth in the 1933 Act and 1934 Act. Instead, accredited investor has been given a statutory definition by Congress and it is thus inherently misleading and deceptive by the Defendants' failure to disclose. *(15 U.S.C. § 77b(a)(15))*.

Furthermore, an investment contract takes the form, *inter alia*, purchase agreements, deeds of trusts, promissory notes, operating agreements, formal and informal agreements, which collectively establish the land transfer as a security. Defendants offered an investment contract, aware that the land transfer was not a standard real estate transaction and, instead, offered and sold the Plaintiff a security. Whether the security was required to be registered or not is immaterial as the failure to disclose the offer and sale, *de facto*, was a security and is subject to such disclosure. *(SEC v. R.G. Reynolds Enters. (9th Cir. 1991) 952 F.2d 1125.)*

*In summa*, the gross imbalance of power between the Defendants and the Plaintiff makes clear that the failure to abide by the statutes resulted in misrepresentation, fraud, and deceit. Congress did not intend for "accredited investors" to use their wealth and sophistication, defined in statute, to misrepresent, defraud, and deceive unaccredited investors, thus undermining the very protections that Congress intended to provide to the public.

**COMPLAINT**

## PRAYER FOR RELIEF

1. The Court declare that the land transfer was an "investment contract" and thus a "security." (*15 U.S.C. § 77b(a)(1)*).
2. The Court declare Defendants' omissions, through written and intrastate communications, resulted in an offer and sale of an "investment contract" in violation of *15 U.S.C. 77q(a)(1)* and *15 U.S.C. § 78j(b)*.
3. The Court order rescission of the Defendants 50% and 15% ownership, respectively, in the real property obtained from violating security laws. (*15 U.S. Code § 77l(a)(2)*).
4. The Court grants any other remedies that are speedy, just, and inexpensive to the parties in this action.

"I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct."

Clinton Brown                                                                 04/19/2023

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues that are so triable.

Dated: 04/19/2023

Sign: _[signature]_

Print Name: Clinton Brown

**COMPLAINT**