Fred Hickman (Cal. SBN124406)
17602 17th St Ste 102-206
Tustin CA 92780
714-315-1565
email fredhickman@gmail.com

Attorney for: Defendant
Steve Weera Tonasut, as Trustee of the
Tonasut Family Trust dated June 14, 2004,
for and in place of the erroneously named
Defendant "Steve Weera Tonasut Trust"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CLINTON BROWN,<br><br>    PLAINTIFF,<br><br>VS.<br><br>EMIL ASSENTATO, TAX DEED ENTERPRISES LLC, STEVE WEERA TONASUT TRUST,<br><br>    DEFENDANTS. | Case No.:LACV23-02972-MEMF(KSx)<br>MEMORANDUM OF POINTS & AUTHORITES I.S.O. MOTION TO DISMISS BY DEFENDANT TONASUT TO DISMISS, FOR LACK OF STANDING AND LACK OF JURISDICTION FOR FAILURE TO STATE A CLAIM, AND AND RULES 12 (B) (1), 12(B)(6)  AND 9(B) AND/OR FOR A MORE DEFINITE STATEMENT UNDER RULE 12(E) AS TO THE COMPLAINT, [DOC. #1]; MEMO OF POINTS & AUTHORITIES<br><br>[FILED WITH REQUEST FOR JUDICIAL NOTICE, AND NOTICE OF MOTION AND LODGED [PROPOSED] ORDER]<br><br>DATE: July 6, 2023<br>TIME: 10:00 A.M.<br>CTRM: 8B |

# MEMORANDUM OF POINTS & AUTHORITIES

## SUMMARY OF COMPLAINT AND FACTS

The facts of judicial notice, if taken, are recited first, as not confusing, compared to the allegations of the complaint.

### Judicial Notice Facts Requested

Clinton Brown ("Plaintiff"), as member manager of the "The Atlas, limited liability company, a California limited liability co., ("Atlas LLC) sought for Atlas LLC a purchase money loan to buy a parcel of commercial land in the Agoura Hills area of Los Angeles County. Brown and Atlas LLC used sought the commercial loan through their mortgage broker, "RUSHMYFILE, INC., a Cal. corp., Cal. BRE # 01893519 and NMLS Endorsement #396905. To do so, Plaintiff for himself as co-borrower and for Atlas LLC as its member manager signed the "Agreement to Procure Lender", dated October 29, 2020. (Request for Judicial Notice, dated May 19, 2023, #1 ("RJN").

Plaintiff and co-borrower Atlas LLC then signed representations that this was a business purpose loan for commercial/agricultural property. (RJN #2, Certificate of Business Purpose Loan and Loan and Real Property Security Declaration, dated Nov. 10, 2020). The source of repayment was "Company Income." (RJN #3, Loan Escrow Addendum Source of Repayment).

Atlas LLC, taking title in its name alone, purchased the security Property on December 18, 2020 from defendant Tax Deed Enterprises, LLC.  (RJN#4, Grant Deed dated Nov. 12, 2020, recorded Dec. 18, 2020). Atlas LLC itself was formed four months earlier, on August 6, 2020, with Clinton Brown as its Registered Agent for Service of Process, and Clinton Brown is its member manager (RJN #5, composite exhibit of: Secretary of State of California, LLC Registration--Articles of Organization filed 08/06/2020, and; Secretary of State Statement of Information, filed Jan. 26, 2022).

Plaintiff's own mortgage broker arranged a purchase money loan for the Property from Steve Weera Tonasut, Trustee of the Tonasut Family Trust Dated June 14, 2004 (Defendant Tonasut). The purchase money loan of $179,000 was made and consummated on 12/18/2020, documented with a Promissory Note and Deed of Trust. (RJN # 6, Promissory Note dated Oct.

29, 2020, makers The Atlas LLC and Clinton Brown; RJN #7, Deed of Trust of even date, with The Atlas LLC only as trustor (borrower).) As Atlas LLC was the purchaser, the Trustor was Atlas LLC, and the beneficiary was Defendant Tonasut.

On Feb. 1, 2022, Mr. Tonasut bought a 15% interest in the land, the Property, from Atlas LLC. (RJN #8, Grant Deed, recorded 02/01/22 doc#20220123442).

The loan to Plaintiff and Atlas LLC has now been twice modified in writing. Now as modified, no principal or interest payments are due until maturity on 12/01/2023. (RJN #9, composite Loan Extensions/Modification Agreements of 02/28/2022 and of 2/23/2023).

The Complaint Alleges:

Plaintiff alleges a partnership by an "operating agreement" made Oct. 22, 2020, with defendant Emil Assentato ("Emil") and non-party Tax Deed Enterprises LLC and it involved intentions for the property then owned by Tax Deed Enterprises LLC. (Complaint p 2:20-23; 3:1-2). Atlas LLC was established August 6, 2020, Clinton Brown as its registered agent for service of process, and is member-manager (RJN #5, supra).

Plaintiff "Brown" purchased the Property on Dec. 18, 2020, a 50% interest in the Property. (Complaint 2:3-5; p 2:25-26). However, RJN #4, supra, the Grant Deed, shows that Atlas LLC alone was the sole purchaser and sole owner.   Plaintiff paid a $10,000 deposit to buy the Property, and the rest of the purchase price was paid with purchase money loans from Tonasut, as first priority for $179,000, and second priority Emil Assentato ("Emil") for $110,000, secured by deeds of trust. (Complaint 2:7-11).

As of December 18, 2020, when the Property was purchased with the loan from Defendant Tonasut, Plaintiff had a 50% interest in Atlas LLC, and Emil a 30% interest, and Tax Deed Enterprises a 20% interest. Either Emil or Tax Deed Enterprises funded part of the purchase price for the Property with a second priority deed of trust from Atlas LLC for the balance of the purchase price. (Complaint p 2:24-27).

Emil loaned Plaintiff $250,000 to fund a "solar facility application", between Jan. 2021 and August 2021. (Complaint p. 3:3-5).

On the Tonasut loan, Plaintiff paid interest but ceased interest payments to Tonasut sometime between Sept. 2021 and Jan. 2022. (Complaint p. 3:5-8). Then in that same time period, "the solar facility permit was rejected by the Los Angeles County Department of Regional Planning." (Complaint p. 3:9-10). Plaintiff alleges that in that time range "Plaintiff" was "undercapitalized". (Complaint p. 3:7)

Between January 28 and February 1, 2022, Plaintiff alleges he sold his 50% interest in 15% of the Property to lender Defendant Tonasut. (Complaint p. 3:11-16). However, the Grant Deed for 15% to Defendant Tonasut is from Atlas LLC alone. (RJN #8, supra).

And Defendant Tonasut agreed to delay interest payments on the first priority deed of trust. (Complaint p. 3:18-20). Reflecting loan modification and extensions, the two agreements are set forth in the Request for Judicial Notice, #9, supra.

Plaintiff alleges federal securities violations with the following additional allegations of fact, beginning at the section entitled "CLAIM", p. 3, line 21:

"In this case, Defendants employed capital in a common enterprise, relied solely on the Plaintiff's entrepreneurial capital for the generation of profits and undercapitalized the development to the detriment of the Plaintiff." (Complaint p. 4:1-4)

"Defendants offered an investment contract, aware that the land transfer was not a standard real estate transaction, and instead, offered and sole the Plaintiff a security. Whether the security was required to be registered or not is immaterial as the failure to disclose the offer and sale, *de facto*, was a security and is subject to such disclosure." (Complaint p. 4 lines 16-20).

It states: "*In summa*, the gross imbalance of power between the Defendants and the Plaintiff makes clear that the failure to abide by the statutes resulted in misrepresentation, fraud and deceit." (Complaint p. 4 lines 22-24).

On these allegations, Plaintiff bases his claim for federal securities law violations against Defendant Tonasut, a purchase money lender for the real property of Atlas LLC, and later purchase of a 15% interest of security Property of Atlas LLC that stood as security for the loan.

///

# DISCUSSION

1. **PLAINTIFF DID NOT PURCHASE ANYTHING, AND CERTAINLY NOT A SECURITY, FROM DEFENDANT TONASUT, WHO WAS ONLY A LENDER TO BROWN AND ATLAS LLC. TONASUIT LATER PURCHASED PROPERTY FROM ATLAS LLC. SO PLAINTIFF HAS NO STANDING AND NO CLAIM AS SECURITIES LAW IS NOT APPLICABLE HERE.**

To be regulated under the Securities Act, first it must pass the definition, and then it must be in its acquisition by Plaintiff be "bought". Here, this secured purchase money loan is not a "security" and was not bought by Plaintiff. It was a loan obligation made by Plaintiff as a co-borrower with Atlas LLC that he operated. He "took" the loan from Defendant Tonasut; he did not buy it. Furthermore, this short-term Note secured by small business assets is not a security, by definition, under the Securities Act. *Reves v. Ernst Young,* 494, U.S. 56, 65, 110 S. Ct. 945 (1990) ("[T]ypes of notes that are not "securities" include . . . the short-term note secured by a lien on a small business or some of its assets, . . . "; "We agree that the items identified by the Second Circuit are not properly viewed as "securities" ").

This was a 23 month note secured against the real estate asset of The Atlas LLC. Not a security. It does not have a "family resemblance" to a regulated security, under the Securities Act. Moreover, "[a] note given to a lender in the course of a commercial financing transaction is not a security." *Amfac Mortgage Corp. v. Arizona Mall of Tempe, Inc*., 583, F.2d 426, 434 (9th Cir. 1978).

The note was given by Atlas LLC and Brown as purchase money secured by deed of trust on the Atlas LLC real property bought with the loan. It advanced the commercial purpose of real estate acquisition by Atlas LLC. Further, there is no "public expectation" of this as security, as merely made by Atlas LLC and Brown to lender Defendant Tonasut, and secured under the Deed of Trust. It was not issued, sold or marketed, and not sold on to investors by Defendant Tonasut. This was a purchase money loan against real estate, not an investment in a business enterprise, and has merely a straightforward commercial purpose. Furthermore, Plaintiff Brown did not "buy" the loan, but with Atlas LLC was the "maker" of the loan for purchase money. Nothing here makes this a "regulated security" that Defendant Tonasut can be held liable for as "issuing a

security". The same is true with Defendant Tonasut's later "purchase" from Atlas LLC of a 15% interest in the land that secured the loan.

Here, there was no "security" offered, sold or transferred to Plaintiff by Defendant Tonasut. So Plaintiff has no standing, and there is no jurisdiction here, further, this also makes the claim fail under Rule 12(b)(1) (lack of subject matter jurisdiction) and/or Rule 12(b)(6). "[T]he irreducible constitutional minimum of standing contains three elements.

> First, the plaintiff must have suffered an "injury in fact" — an invasion of a legally-
> protected interest which is (a) concrete and particularized, . . . ; and (b) "actual or
> imminent, not `conjectural' or `hypothetical,'" . . . . Second, there must be a causal
> connection between the injury and the conduct complained of — the injury has to be
> "fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result
> [of] the independent action of some third party not before the court." . . . . Third, it must
> be "likely," as opposed to merely "speculative," that the injury will be "redressed by a
> favorable decision."

*Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130 (1992) (internal citations omitted). Here, the "first test" is not met, so the second and third are not even reached. Nor would the second or third be met here, had the first been met.

Here, the purchase money secured loan to Plaintiff and Atlas LLC was their obligation, not their "purchase", and not "an investment" in lender Defendant Tonasut or his business interest. Plaintiff Brown was the "maker", a "co-maker" of the note. He did not buy or take an investment interest in "making" the note. He "owed", he did not "invest" money with Defendant Tonasut. Nothing was sold to, nor "investment" made by Plaintiff in taking the loan. Plaintiff was mere co-borrower.

Plaintiff Brown was a co-borrower on the purchase money loan for Atlas LLC to buy the security Property from Tax Deed Enterprises. Defendant Tonasut did not "sell" the obligation to Plaintiff. Plaintiff did not "make an investment" to buy the promissory note, but "made" it, as "maker" to the lender Defendant Tonasut. Plaintiff undertook the debt obligation to facilitate purchase of real estate for his business entity, Atlas LLC. And when Defendant Tonasut later

bought a 15% interest in the Property that stood as his security for the loan, he did not "sell" Plaintiff anything at all. He bought property from Atlas LLC.

These allegations and judicial notice show that Defendant Tonasut did not offer or sell a "security" under federal law to Plaintiff. Plaintiff co-made a purchase money loan obligation and later Atlas LLC sold a fractional interest in land. Thus, Plaintiff has no standing, no injury, no claim, no basis for personal jurisdiction in this court, and no claim. So, dismissal with prejudice of Defendant Tonasut is proper.

2.   THE ALLEGATIONS FAIL TO PLEAD A SECURITIES LAW VIOLATION.

Assuming arguendo that federal securities law may apply to the loan to Plaintiff and the purchase later from Plaintiff, the complaint utterly fails to allege a securities law claim. This is shown by the facts of judicial notice and with the pleaded allegations. "The court is 'not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint.' " *Scripsamerica, Inc. v. Ironridge Global LLC*, 56 F. Supp. 3d 1121, 1136 (C.D. Cal. 2014) (quoting *Steckman v. Hart Brewing Inc.,* 143 F.3d 1293, 1295 (9th Cir. 1998).

The pleading standards for securities law violations is high under Rule 12 and under the dual requirements of Rule 9, and the Private Securities Litigation Reform Act ("PSLRA") 15 U.S.C. § 78u-4. *Scripsamerica, supra,* at p. 1157 (citing *In re Verifone Holdings, Inc., Sec. Litig.,* 704 F.3d 694, 701 (9th Cir. 2012). "Rule 9(b) "provides that the 'circumstances constituting fraud or mistake shall be stated with particularity." *Scripsamerica, supra,* at p. 1157. Plaintiff must plead 'with particularity' the time and place of the fraud, the statements made and by whom made, an explanation of whey7 or how such statements are false or misleading when made, and the role of each defendant in the alleged fraud. *In re GlenFed, Inc., Securities Litigation,* 42 F.3d 1541, 1547-49 (9th Cir. 1994) (en banc). "Generally, a plaintiff must plead the "time, place, and specific content" of allegedly fraudulent conduct to satisfy Rule 9(b)." *Swartz v. KPMG LLP,* 476 F.3d 756, 764 (9th Cir. 2007).

"Thus, a securities fraud claim cannot survive a motion to dismiss merely by alleging that certain statements were false. *Metzler Inv. GMBH v. Corinthian Colleges, Inc.,* 540 F.3d

1049, 1070 (9th Cir.2008) ("A litany of alleged false statements, unaccompanied by the pleading of specific facts indicating why those statements were false, does not meet th[e Rule 9(b)] standard"); see also *In re Oracle Corp. Securities Litigation,* 627 F.3d 376, 390 (9th Cir.2010) ("Plaintiffs must 'demonstrate that a particular statement, when read in light of all the information then available to the market, or a failure to disclose particular information, conveyed a false or misleading impression,' " quoting *In re Convergent Technologies Securities Litigation,* 948 F.2d 507, 512 (9th Cir.1991)). Rather, the complaint must allege "why the disputed statement was untrue or misleading *when made.*" *In re GlenFed Inc. Securities Litigation,* 42 F.3d 1541, 1549 (9th Cir.1994) (en banc) (emphasis added). It must also provide specifics concerning who made the statement and when it was made.

In 1995, Congress passed the PSLRA, which amended the Securities Exchange Act of 1934. The PSLRA modified Rule 9(b)'s particularity requirement, "providing that a securities fraud complaint [must] identify: (1) each statement alleged to have been misleading; (2) the reason or reasons why the statement is misleading; and (3) all facts on which that belief is formed." 15 U.S.C. § 78u–4(b)(1); see *In re Silicon Graphics Inc. Sec. Litig.,* 183 F.3d 970, 996 (9th Cir.1999). The statute requires that, in pleading that each allegedly misleading statement or omission was made with scienter, the plaintiff "state with particularity ... facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u–4(b)(2). If the complaint does not contain such allegations, it must be dismissed. 15 U.S.C. § 78u–4(b)(3)(A)." *Scripsamerica, supra*, pp. 1157-1158.

Here, Plaintiff pleads only the vaguest generalities, and none specific, as to any misrepresentation, any falsehood, any scienter, by Defendant Tonasut. The factual allegations do not support a securities fraud claim.

3. CONCLUSION.

The foregoing reasons support dismissal with prejudice of Defendant Tonasut for plaintiff's lack of standing, as having no injury, lack of personal jurisdiction as no injury, or, for

failure to plead facts sufficient to pass muster under Rule 12(b)(6) and Rule 9(b), or requiring a more definite statement, under Rule 12(e).

Date: May 22, 2023          Respectfully Submitted,

/s/ Fred Hickman

Fred Hickman
fredhickman@gmail.com
for: Defendant Steve Weera Tonasut, as Trustee of the Tonasut Family Trust dated June 14, 2004

# PROOF OF SERVICE

For service on persons not deemed served under Local Rule 5-3.2.1 for documents filed electronically:

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Orange, State of California, and not a party to the above-entitled cause.

On May 22, 2023, I served a true copy of this:
MEMORANDUM OF POINTS & AUTHORITES BY DEFENDANT TONASUT I.S.O. MOTION TO DISMISS, FOR LACK OF STANDING AND LACK OF JURISDICTION FOR FAILURE TO STATE A CLAIM, AND AND RULES 12 (B) (1), 12(B)(6) AND 9(B) AND/OR FOR A MORE DEFINITE STATEMENT UNDER RULE 12(E) AS TO THE COMPLAINT, [DOC. #1]; MEMO OF POINTS & AUTHORITIES

by delivering to the person indicated below in the manner as provided in FRCivP 5(b) by depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid to the following:

Clinton Brown, Pro Se, 16821 Edgar Street, Pacific Palisades CA 90272 (whose business phone is (310) 487-6453 and email clinton@atlasinc.solar)

Place of Mailing: Santa Ana, California.

EMAIL SERVICE: On May 22, 2023, I emailed the document to Clinton Brown at the email address: clinton@atlasinc.solar from my email fredhickman@gmail.com, and did not receive an error message upon the transmission.

Executed on May 22, 2023, at Santa Ana, California.

I hereby certify that I am a member of the Bar of the United States District Court, Central District of California.

_____
Fred Hickman