CLINTON BROWN, Pro Se
16821 Edgar Street
Pacific Palisades, CA 90272
clinton@atlasinc.solar
310-487-6453

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINTON BROWN,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>EMIL ASSENTATO, TAX DEED ENTERPRISES LLC, STEVE WEERA TONASUT TRUST,<br><br>　　　　Defendant. | CASE NO. 2:23-cv-09272-MEMF-KS<br>**Motion for Entry of Default II**<br>**Judge:** Honorable Maame Ewusi-Mensah Frimpong<br>**Magistrate Judge:** Karen L. Stevenson<br>**Action Filed:** 04/20/2023<br>**Action Due:** 05/22/2023 |

## MOTION FOR ENTRY OF DEFAULT II

**NOTICE TO THE COURT**, pursuant to *F.R.C.P. 55(a)*, when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit *or otherwise*, the Clerk must enter the party's default. (Emphasis added). (Dk. 23, 3-7). In the instant case, for sums not certain, *F.R.C.P. 55(b)(2)* requires an entry of default by a Judge as a prerequisite for an application for default judgment. (*Garrett v. Seymour, 217 F. App'x 835, 838, para 2, (10th Cir. 2007)); (F.R.C.P. 54(b).* The Plaintiff accumulated debt to serve process in compliance with *F.R.C.P. 4.1* (Dk. 1-3, 1-4), (Dk. 14, 1-4), (Dk. 15, 1-7), (Dk. 16, 1), (Dk. 17, 1-5). Subsequently, the motion for entry of default was denied by the Clerk. (Dk. 20). Although the Clerk and not a Judge entered such deficiency

the Defendants showed up. (Dk. 23, 3-7). The Defendants have had an additional thirty-four (34) days to respond to the Complaint. *F.R.C.P. 4.* is a flexible rule, granted the Defendant has received sufficient notice. *(United Food & Commercial Workers Union, Locals 197, 373, 428, 588, 775, 839, 870, 1119, 1179 And 1532 Chartered by United Food & Commercial Workers International Union, Afl–Cio v. Alpha Beta Company, 736 F.2d 1371, 1382 (9th Cir. 1984)).* This Court has received confirmation that the two (2) Defendants, in the matter at hand, have retained the same Counsel as the responding Defendant.[1]

The summons was ribboned by this Court, stamped by this Court, and served by professional servers. Suffice it to say, a mailing of the documents and an email for waiver of service did not suffice for Defendants either. The Defendants' Counsel, who is also the Counsel for the other Defendant in this controversy, has failed to appear for his clients. If he has appeared, then it needs to be known that an Answer has been filed for all parties. (Dk. 18). The Magistrate Judge has made it clear that a pre-telephonic conference[2] can be scheduled to resolve disputes, if any. Yet it is not an open invitation to handhold the parties through Federal Court. The Plaintiff has not been requested to attend any pre-telephonic conferences with the opposing Counsel, and at this time, the Plaintiff doesn't seek to. This is Federal Court, and procedure reasonably aside, the merits should prevail in every controversy.

The Defendants' willful disregard of the summons underlines a crucial question: Must a summons issued by this Court be responded to? Must a party's Counsel have to fulfill their obligation to respond to a Complaint filed against their own client, of which, is officially documented in the Court record? The Defendants'

---

[1] (Dk. 23, 3-7), Emails, Attorney Hickman & Pro Se Brown. (May 24-25, 2023), *F.R.E. 201(b)(2)*.
[2] United States District Court for the Central District of California, Karen L. Stevenson, Judge's Procedures 2(b) Pre-Motion Telephonic Conference, http://www.cacd.uscourts.gov/honorable-karen-l-stevenson.

failure to, *iterum*, respond is undisputed proof that *F.R.C.P. 55(b)(2)* requires entry of default to parties that have willfully refused service, unless justice requires otherwise. The Defendants can show "good cause" to reverse an entry of default. *(F.R.C.P. 55(c))*. The good faith standard is an objective standard. *(Coppedge v. United States, 369 U.S. 438, 444-45 (1962).* An objective standard treats parties objectively, thus good faith. The defaulting parties have failed to file a responsive pleading or motion and the applicable time for serving a responsive pleading or motion is *post facto*, twice now, by at least thirty-four (34) days since the acknowledgement of Defendants' Counsel in this matter. (Dk. 23). The Plaintiff will continue to prosecute this controversy for a resolution until it is disposed of by this Court.

**THEREFORE**, Plaintiff respectfully requests that the Motion for Entry of Default II be entered against Emil Assentato and Tax Deed Enterprises LLC, or in the alternative, a remedy be entered that is within the discretion of the Court to resolve this controversy in a just, speedy, and inexpensive manner.

"I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct."

Clinton Brown                                                                 06/27/2023