1  Fred Hickman (Cal. SBN124406)
2  17602 17th St Ste 102-206
   Tustin CA 92780
3  714-315-1565
4  email fredhickman@gmail.com

5  Attorney for: Defendants Emil Assentato
   and Tax Deed Enterprises, LLC,
6  a Delaware limited liability company
7

8              UNITED STATES DISTRICT COURT
9              CENTRAL DISTRICT OF CALIFORNIA
10                   WESTERN DIVISION

11 |                                    | Case No.:LACV23-02972-MEMF(KSx)
12 | CLINTON BROWN,                     |
   |           PLAINTIFF,               | MEMORANDUM OF POINTS &
13 |                                    | AUTHORITES I.S.O. MOTION TO
14 | VS.                                | DISMISS BY DEFENDANTS
   |                                    | ASSENTATO AND TAX DEED
15 | EMIL ASSENTATO, TAX DEED           | ENTERPRISES, LLC. FOR LACK OF
16 | ENTERPRISES LLC, STEVE WEERA       | STANDING AND LACK OF
   | TONASUT TRUST,                     | JURISDICTION FOR FAILURE TO
17 |                                    | STATE A CLAIM, AND RULES 12 (B)
18 |           DEFENDANTS.              | (1), 12(B)(6) AND 9(B) AND/OR FOR
   |                                    | A MORE DEFINITE STATEMENT
19 |                                    | UNDER RULE 12(E) AS TO THE
20 |                                    | COMPLAINT, [DOC. #1]; MEMO OF
   |                                    | POINTS & AUTHORITIES
21 |                                    | [FILED WITH REQUEST FOR
22 |                                    | JUDICIAL NOTICE, AND NOTICE
   |                                    | OF MOTION AND LODGED
23 |                                    | [PROPOSED] ORDER OF
24 |                                    | DISMISSAL]
25 |                                    | DATE: SEPTEMBER 21, 2023
26 |                                    | TIME: 10:00 A.M.
   |                                    | CTRM: 8B
27
28

MEMORANDUM OF POINTS & AUTHORITIES

SUMMARY OF COMPLAINT AND JUDICIAL NOTICE FACTS

Plaintiff, Mr. Clinton Brown, on August 6, 2020, created "The Atlas, limited liability company, a California limited liability co., ("Atlas LLC"). Plaintiff was its member-manager and registered agent for service of process. (Request for Judicial Notice, dated July 14, 2023 ("RJN"), #1 (composite exhibit: Sec'y. of State of California, LLC Registration--Articles of Organization filed 08/06/2020; and Statement of Information, filed Jan. 26, 2022).

Plaintiff alleges a partnership by an "operating agreement" made Oct. 22, 2020, with and between himself and defendants Emil Assentato ("Emil") and Tax Deed Enterprises LLC ("TDE"), involving intentions for land then owned by TDE. (Complaint p 2:20-23; 3:1-2).

As of December 18, 2020, when Atlas LLC purchased the land from TDE, Plaintiff had a 50% interest in Atlas LLC, and Emil a 30% interest, and Tax Deed Enterprises a 20% interest. Allegedly, either Emil or Tax Deed Enterprises funded part of the purchase price for the Property with a second priority deed of trust from Atlas LLC for the balance of the purchase price. (Complaint p 2:24-27).]

On December 18, 2020, Atlas LLC, by Plaintiff as member-manager, took a purchase money loan from Emil Assentato, the principal of TDE, to buy from TDE a parcel of commercial land in the Agoura Hills area of Los Angeles County. Atlas LLC took title in its name alone by a Grant Deed from TDE. TDE had its principal, Email Assentato, carry back a loan secured by a deed of trust encumbering the land it sold to Atlas LLC, making Emil Assentato as beneficiary of the deed of trust and Atlas LLC as trustor (borrower). (RJN#2, Grant Deed dated Nov. 12, 2020, recorded Dec. 18, 2020); (RJN #3, Deed of Trust dated Oct. 22, 2020, recorded 12/18/20 as doc. # 20201688736, in the Official Records, Los Angeles County CA).

Plaintiff "Brown" alleges that it was "HE" who purchased the Property on Dec. 18, 2020, a 50% interest in the Property. (Complaint 2:3-5; p 2:25-26). However, RJN #2, *supra*, the Grant Deed, shows that Atlas LLC alone was the sole purchaser and sole owner, itself alone purchasing from TDE. Plaintiff alleges to have paid a $10,000 deposit to buy the Property, and the rest of the purchase price was paid with purchase money loans from Mr. Tonasut, as first priority for

$179,000, and second priority Emil Assentato ("Emil") for $110,000, both loans secured by deeds of trust. (Complaint 2:7-11).

The next year, the complaint alleges, Emil loaned Plaintiff $250,000 to fund a "solar facility application"; this, between Jan. 2021 and August 2021. (Complaint p. 3:3-5). The loan, however, was to Atlas LLC, and not to Plaintiff. (RJN #4, Loan Agreement, Borrower The Atlas, LLC, Lender Emil Assentato, dated February 2, 2021.).

On the first priority purchase money loan from Defendant Tonasut, Plaintiff at first paid interest, but then ceased interest payments sometime between Sept. 2021 and Jan. 2022. (Complaint p. 3:5-8). Then, in that same period, "the solar facility permit was rejected by the Los Angeles County Department of Regional Planning." (Complaint p. 3:9-10). Plaintiff alleges that in that time range "Plaintiff" was "undercapitalized". (Complaint p. 3:7)

Plaintiff alleges federal securities violations with the following additional allegations of fact, beginning at the section entitled "CLAIM", p. 3, line 21:

"In this case, Defendants employed capital in a common enterprise, relied solely on the Plaintiff's entrepreneurial capital for the generation of profits and undercapitalized the development to the detriment of the Plaintiff." (Complaint p. 4:1-4)

"Defendants offered an investment contract, aware that the land transfer was not a standard real estate transaction, and instead, offered and sold the Plaintiff a security. Whether the security was required to be registered or not is immaterial as the failure to disclose the offer and sale, *de facto*, was a security and is subject to such disclosure." (Complaint p. 4 lines 16-20).

It states: "*In summa*, the gross imbalance of power between the Defendants and the Plaintiff makes clear that the failure to abide by the statutes resulted in misrepresentation, fraud and deceit." (Complaint p. 4 lines 22-24).

On these allegations, Plaintiff bases his claim for federal securities law violations against defendants Emil and TDE.

/ / /

# DISCUSSION

1. **PLAINTIFF HAS NO STANDING AND NO CLAIM EXISTS. SECURITIES LAW IS NOT APPLICABLE HERE--NO SECURITY ISSUANCE OCCURRED. PLAINTIFF DID NOT PURCHASE A SECURITY FROM DEFENDANTS, BUT INSTEAD HAD THE ATLAS LLC BORROW PURCHASE MONEY FOR LAND AND BORROW FOR ITS BUSINESS.**

To be regulated under the Securities Act, first it must pass the definition, and then it must be in its acquisition by Plaintiff be "bought". Here, this secured purchase money loan for the land was made by Atlas LLC, as Atlas LLC bought the land which was encumbered by a deed of trust from Atlas LLC as borrower and grantor of the equity to a trustee (Clinton Brown as named trustee) and to the beneficiary, the lender, Emil Assentato ("Emil"). Plaintiff himself bought to property, bought not security, bought no interest in a security, and was offered and issued no security. Defendants offered no security and issued no security. There simply is no security issued by defendants, whether to Plaintiff or to Atlas LLC. Rather, Atlas LLC only is the borrower of money from Emil, and purchaser of land from TDE.

Furthermore, a short-term Note secured by small business assets is not a security, by definition, under the Securities Act. *Reves v. Ernst Young,* 494 U.S. 56, 65, 110 S. Ct. 945 (1990) ("[T]ypes of notes that are not "securities" include . . . the short-term note secured by a lien on a small business or some of its assets, . . . "; "We agree that the items identified by the Second Circuit are not properly viewed as "securities" "). Moreover, "[a] note given to a lender in the course of a commercial financing transaction is not a security." *Amfac Mortgage Corp. v. Arizona Mall of Tempe, Inc*., 583, F.2d 426, 434 (9th Cir. 1978).

Neither the purchase money secured loan for land purchase, nor the unsecured note, both loan obligations made by Atlas LLC for money borrowed from Emil Assentato is an issued security. And neither of the loans is an interest nor an obligation of Plaintiff. There is no loan obligation of Plaintiff Clinton Brown, but only loan obligations of Atlas LLC. Notably, Plaintiff is the 50% owner of Atlas LLC, with Emil and TDE merely its 30% and 20% remainder owners, as members. Furthermore, Plaintiff himself is the member-manager of Atlas LLC. So, conclusively, neither loan obligation, nor the purchase money deed of trust, of Atlas LLC, has a "family resemblance" to a regulated security, under the Securities Act.

   The two loans taken by Atlas LLC were for its commercial purpose of real estate acquisition, and its hope of "development" of the business of Atlas LLC on the land it bought from TDE. Further, there is no "public expectation" of this as security. These two loans, one secured on land and one unsecured were not issued, sold or marketed, and not sold on to investors. Rather, these were just ordinary, direct commercial loans from to Atlas LLC from a minority member of Atlas LLC, Emil. Plaintiff was not "sold" an investment in a business enterprise. Plaintiff himself as member manager of Atlas LLC operates the company for a straightforward commercial purpose. Furthermore, Plaintiff Brown was not offered and did not buy or invest in Emil's loan to Atlas LLC. Atlas LLC was and is the promissor and Emil the promissee on those loans. Atlas LLC is the "maker" of the loans.

   Nothing here makes this a "regulated security" that Defendants can be held liable for as "issuing a security". Here, there was no "security" offered, sold or transferred to Plaintiff. So Plaintiff has no standing, and there is no jurisdiction here, further, this also makes the claim fail under Rule 12(b)(1) (lack of subject matter jurisdiction) and/or Rule 12(b)(6).

"[T]he irreducible constitutional minimum of standing contains three elements.

> First, the plaintiff must have suffered an "injury in fact" — an invasion of a legally-protected interest which is (a) concrete and particularized, . . . ; and (b) "actual or imminent, not `conjectural' or `hypothetical,'" . . . . Second, there must be a causal connection between the injury and the conduct complained of — the injury has to be "fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court." . . . . Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

*Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130 (1992) (internal citations omitted). Here, the "first test" is not met, so the second and third are not even reached. Nor would the second or third be met here, had the first been met.

   Here, Plaintiff purchased no investment nor security from Defendants. Nor did Plaintiff borrow money, nor receive a transfer of anything. The loans were made to Atlas LLC. Plaintiff

Brown did not buy or take an investment interest in "making" the note or the loan debt. Rather, Atlas LLC "owed" for the purchase of land and for the unsecured loan to fund its business interests. Plaintiff did not "invest" money with Defendants. Simply, no security issuance under federal law occurred on these allegations and judicial notice facts.

These allegations and judicial notice show that Defendants did not offer or sell a "security" under federal law to Plaintiff. Thus, Plaintiff has no standing, no injury, no claim, no and no basis for personal jurisdiction on this matter exists in this court. Subject matter jurisdiction does not exist, therefore. So, dismissal of this action is proper.

2. THE ALLEGATIONS FAIL TO PLEAD A SECURITIES LAW VIOLATION.

Assuming arguendo that federal securities law may apply to Atlas LLC, and indirectly to its member-manager Plaintiff Brown, undertaking a debt for purchase money for the land, and for taking the unsecured loan, both from Emil, still the complaint utterly fails to allege a securities law claim. This is shown by the facts of judicial notice and with the pleaded allegations. "The court is 'not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint.' " *Scripsamerica, Inc. v. Ironridge Global LLC*, 56 F. Supp. 3d 1121, 1136 (C.D. Cal. 2014) (quoting *Steckman v. Hart Brewing Inc.,* 143 F.3d 1293, 1295 (9th Cir. 1998).

The pleading standards for securities law violations is high under Rule 12 and under the dual requirements of Rule 9, and the Private Securities Litigation Reform Act ("PSLRA") 15 U.S.C. § 78u-4. *Scripsamerica, supra,* at p. 1157 (citing *In re Verifone Holdings, Inc., Sec. Litig.,* 704 F.3d 694, 701 (9th Cir. 2012). "Rule 9(b) "provides that the 'circumstances constituting fraud or mistake shall be stated with particularity.' " " *Scripsamerica, supra,* at p. 1157.

Plaintiff must plead 'with particularity' the time and place of the fraud, the statements made and by whom made, an explanation of why or how such statements are false or misleading when made, and the role of each defendant in the alleged fraud. *In re GlenFed, Inc., Securities Litigation,* 42 F.3d 1541, 1547-49 (9th Cir. 1994) (en banc). "Generally, a plaintiff must plead the "time, place, and specific content" of allegedly fraudulent conduct to satisfy Rule 9(b)." *Swartz v. KPMG LLP,* 476 F.3d 756, 764 (9th Cir. 2007).

   "Thus, a securities fraud claim cannot survive a motion to dismiss merely by alleging that certain statements were false. *Metzler Inv. GMBH v. Corinthian Colleges, Inc.,* 540 F.3d 1049, 1070 (9th Cir. 2008) ("A litany of alleged false statements, unaccompanied by the pleading of specific facts indicating why those statements were false, does not meet th[e Rule 9(b) ] standard"); see also *In re Oracle Corp. Securities Litigation,* 627 F.3d 376, 390 (9th Cir. 2010) ("Plaintiffs must 'demonstrate that a particular statement, when read in light of all the information then available to the market, or a failure to disclose particular information, conveyed a false or misleading impression,' " quoting *In re Convergent Technologies Securities Litigation,* 948 F.2d 507, 512 (9th Cir. 1991)). Rather, the complaint must allege "why the disputed statement was untrue or misleading *when made.*" *In re GlenFed Inc. Securities Litigation,* 42 F.3d 1541, 1549 (9th Cir.1994) (en banc). It must also provide specifics concerning who made the statement and when it was made.

   "In 1995, Congress passed the PSLRA, which amended the Securities Exchange Act of 1934. The PSLRA modified Rule 9(b)'s particularity requirement, "providing that a securities fraud complaint [must] identify: (1) each statement alleged to have been misleading; (2) the reason or reasons why the statement is misleading; and (3) all facts on which that belief is formed." 15 U.S.C. § 78u–4(b)(1); see *In re Silicon Graphics Inc. Sec. Litig.,* 183 F.3d 970, 996 (9th Cir.1999). The statute requires that, in pleading that each allegedly misleading statement or omission was made with scienter, the plaintiff "state with particularity ... facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u–4(b)(2). If the complaint does not contain such allegations, it must be dismissed.  15 U.S.C. § 78u–4(b)(3)(A)."

*Scripsamerica, supra*, pp. 1157-1158.

  Here, Plaintiff pleads only the vaguest generalities, and none specific, as to any misrepresentation, any falsehood, any scienter, by either of the Defendants, Emil or TDE. So, the factual allegations do not support a securities fraud claim, and must be dismissed.

  / / /

3.  CONCLUSION.

The foregoing reasons support dismissal with prejudice of Defendants for plaintiff's lack of standing, as having no injury, lack of personal jurisdiction as no injury, or, for failure to plead facts sufficient to pass muster under Rule 12(b)(6) and Rule 9(b), or requiring a more definite statement, under Rule 12(e). Alternatively, if subject matter jurisdiction does not exist, then the case must be dismissed without leave to amend.

Date: July 14, 2023         Respectfully Submitted,

/s/ Fred Hickman
Fred Hickman
fredhickman@gmail.com
for: Defendants Emil Assentato
and Tax Deed Enterprises, LLC,
a Delaware limited liability company