Fred Hickman (#124406)
fredhickman@gmail.com
17602 17th St Ste 102-206
Tustin CA 92780
714-315-1565; fax 714-838-0835
Attorney for: Defendants Emil Assentato
and Tax Deed Enterprises, LLC,
a Delaware limited liability company

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| CLINTON BROWN,<br><br>                    PLAINTIFF,<br><br>VS.<br><br>EMIL ASSENTATO, TAX DEED ENTERPRISES LLC, STEVE WEERA TONASUT TRUST,<br><br>                    DEFENDANTS. | Case No.:LACV23-02972-MEMF(KSx)<br><br>REQUEST FOR JUDICIAL NOTICE I.S.O. MOTION TO DISMISS COMPLAINT BY DEFENDANTS EMAIL ASSENTATO AND TAX DEED ENTERPRISES, LLC<br><br>[FILED WITH NOTICE OF MOTION AND POINTS & AUTHORITIES]<br><br>DATE: September 21, 2023<br>TIME: 10:00 A.M.<br>CTRM: 8B |

Under F.R.E. 201 Defendant and movant requests that the Court take judicial notice of the following facts and documents submitted in support of the motion to dismiss the complaint filed herewith. The list is set forth, then the authorities in support.

No. 1. (composite exhibit) Secretary of State of California, LLC Registration--Articles of Organization filed 08/06/2020, and; Secretary of State Statement of Information, filed Jan. 26, 2022. Exhibit 1 hereto.

No. 2. Grant Deed dated Nov. 12, 2020, by Tax Deed Enterprises, LLC to Atlas LLC, dated Nov. 12, 2020, recorded 12/18/2020 doc#20201688734. Exhibit 2 hereto.

No. 3. Deed of Trust dated Oct. 22, 2020, recorded 12/18/20 as doc. # 20201688736, in the Official Records Recorder's Office, Los Angeles County CA.) Exhibit 3 hereto.

No. 4. Loan Agreement, Borrower The Atlas, LLC, Lender Emil Assentato, dated February 2, 2021. Exhibit 4 hereto.

AUTHORITIES

Grounds for Request Nos. 2-3 are contained in those exhibits, each being a true and correct copy from the Official Records of Los Angeles County, Recorder's Office, with respective recording dates. Authenticity is capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned. *Castillo-Villagra v. INS*, 972 F.2d 1017, 1026 (9th Cir. 1992); *Grant v. Aurora Loan Svcs., Inc.*, 736 F.Supp.2d 1257, 1265 (C.D. Cal. 2010) (recorded documents).

Grounds for Request No. 1, website printouts of Cal. Sec'y. of State business records on The Atlas LLC. Information made publicly available by government entities, including data, is subject to judicial notice, including data made available on public website. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998099 (9th Cir. 2010); *Teixeira v Cty. Of Alameda*, 873 F.3d 670, 676 .6 (9th Cir. 2017).

Grounds for Request No. 4 is contained in the exhibit, a loan agreement, a true and correct copy of the document either referred to in the Complaint or forming or relating directly to the basis of Plaintiff's claims, as loan document signed by Plaintiff, and whose authenticity is not believed to be in question. A court may consider evidence on which the complaint "necessarily relies" if (1) the complaint refers to the document; (2) the document is central to the plaintiff's

claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (judicial notice taken of Release signed by Plaintiff); *Parrino v. FHP, Inc*., 146 F.3d 699, 706 (9th Cir. 1998) (plaintiff may not deliberately omit references to documents upon which his claim is based to survive a 12(b)(6) motion; judicial notice taken of documents of Group Plan Application, as complaint mentioned "group plan" and "cost containment plan" of FHP); *Branch v. Tunnell*, 14 F.3d 499, 453-54 (9th Cir. 1994), overruled on other grounds by *Galbraith v. County of Santa Cla*ra, 307 F.3d 1119 (9th Cir. 2002)  (documents that are not attached to the complaint may be incorporated by reference if the plaintiff has referred to the document in the complaint or if the document forms the basis of the plaintiff's claims; took judicial notice of an Affidavit and a Deposition mentioned in an amended complaint); *Richardson v. Wells Fargo Bank, N.A*., 2016 U.S. Dist. LEXIS 107090, (Phillips, J., C. D. Cal., Aug. 11, 2016 (judicial notice of loan modification documents taken).

Date: July 14, 2023          Respectfully Submitted,

/s/ Fred Hickman

Fred Hickman
fredhickman@gmail.com
for: Defendants Emil Assentato
and Tax Deed Enterprises, LLC,
a Delaware limited liability company

PROOF OF SERVICE

    All parties and persons are served by filing and the ecf transmission, as all parties and persons are on ecf in this matter, including the plaintiff, in pro se.

I hereby certify that I am a member of the Bar of the United States District Court, Central District of California.

Executed on July 14, 2023, at Santa Ana, California.

               /s/ Fred Hickman

               _____

               Fred Hickman
               fredhickman@gmail.com



**California Secretary of State**
Electronic Filing



## LLC Registration – Articles of Organization

Entity Name:

Entity (File) Number:
File Date:
Entity Type:      Domestic LLC
Jurisdiction:     California

Detailed Filing Information

1. Entity Name:

2. Business Addresses:

   a. Initial Street Address of
      Designated Office in California:

   b. Initial Mailing Address:

3. Agent for Service of Process:

4. Management Structure:

5. Purpose Statement:

   The purpose of the limited liability company is to engage in any lawful act or activity for which a limited liability company may be organized under the California Revised Uniform Limited Liability Company Act.

Electronic Signature:

The organizer affirms the information contained herein is true and correct.

Organizer:

**Secretary of State**
**Statement of Information**
(Limited Liability Company)

| LLC-12 |

**22-A51148**

# FILED

**In the office of the Secretary of State
of the State of California**

**JAN 26, 2022**

This Space For Office Use Only

**IMPORTANT —** This form can be filed online at
bizfile.sos.ca.gov.

Read instructions before completing this form.

**Filing Fee - $20.00**

**Copy Fees -** First page $1.00; each attachment page $0.50;
Certification Fee - $5.00 plus copy fees

**1. Limited Liability Company Name** (Enter the **exact** name of the LLC.  If you registered in California using an alternate name, see instructions.)

THE ATLAS LLC

| **2. 12-Digit Secretary of State Entity Number** | **3. State, Foreign Country or Place of Organization** (only if formed outside of California) |
|---|---|
| 202022310428 | CALIFORNIA |

**4. Business Addresses**

| | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| a. Street Address of Principal Office - Do not list a P.O. Box<br>16821 Edgar Street | Pacific Palisades | CA | 90272 |
| b. Mailing Address of LLC, **if different than item 4a**<br>16821 Edgar Street | Pacific Palisades | CA | 90272 |
| c. Street Address of **California** Office, if Item 4a is not in California<br>Do not list a P.O. Box<br>16821 Edgar Street | Pacific Palisades | CA | 90272 |

**5. Manager(s) or Member(s)**     If no managers have been appointed or elected, provide the name and address of each member. At least one name and address must be listed. If the manager/member is an individual, complete Items 5a and 5c (leave Item 5b blank). If the manager/member is an additional managers/members, enter the names(s) and address(es) on Form LLC-12A.

| a. First Name, if an individual - Do not complete Item 5b | Middle Name | Last Name | Suffix |
|---|---|---|---|
| Clinton | | Brown | |

| b. Entity Name - Do not complete Item 5a |
|---|
| |

| c. Address | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| 16821 Edgar Street | Pacific Palisades | CA | 90272 |

**6. Service of Process** (Must provide either Individual **OR** Corporation.)

   **INDIVIDUAL** – Complete Items 6a and 6b only.  Must include agent's full name and California street address.

| a. California Agent's First Name (if agent is **not** a corporation) | Middle Name | Last Name | | Suffix |
|---|---|---|---|---|
| Clinton | | Brown | | |

| b. Street Address (if agent is **not** a corporation) - **Do not enter a P.O. Box** | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| 16821 Edgar Street | Pacific Palisades | **CA** | 90272 |

   **CORPORATION** – Complete Item 6c only.  Only include the name of the registered agent Corporation.

| c. California Registered Corporate Agent's Name (if agent is a corporation) – Do not complete Item 6a or 6b |
|---|
| |

**7. Type of Business**

| Describe the type of business or services of the Limited Liability Company |
|---|
| real estate development |

**8. Chief Executive Officer, if elected or appointed**

| a. First Name | Middle Name | Last Name | | Suffix |
|---|---|---|---|---|
| Clinton | | Brown | | |

| b. Address | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| 16821 Edgar Street | Pacific Palisades | CA | 90272 |

**9. Labor Judgment**

| Does a Manager or Member have an outstanding final judgment issued by the Division of Labor Standards Enforcement or a court of law, for which no appeal therefrom is pending, for the violation of any wage order or provision of the Labor Code? | ☐ Yes   ☑ No |
|---|---|

**10.** By signing, I affirm under penalty of perjury that the information herein is true and correct and that I am authorized by California law to sign.

| 01/26/2022 | Clinton Brown | CEO | |
|---|---|---|---|
| Date | Type or Print Name | Title | Signature |




**This page is part of your document - DO NOT DISCARD**



## 20201688734



**Pages:
0004**

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**12/18/20 AT 08:00AM**

| | |
|---|---|
| FEES: | 28.00 |
| TAXES: | 328.90 |
| OTHER: | 0.00 |
| PAID: | 356.90 |



**L E A D S H E E T**



**202012180190061**

**00019565343**



**011590631**

**SEQ:
01**

**SECURE - 8:00AM**





**THIS FORM IS NOT TO BE DUPLICATED**

E08_201218_8???49

*E460070*

RECORDING REQUESTED BY:
Equity Title Company
Order No.  3910120-06600
Escrow No. 21868-10
Parcel No. 2064-005-011, 2064-005-015

AND WHEN RECORDED MAIL TO:

THE ATLAS LLC, A CALIFORNIA
LIMITED LIABILITY COMPANY
10226 REGENT STREET
LOS ANGELES, CA 90034

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# GRANT DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S) THAT DOCUMENTARY TRANSFER TAX IS **$328.90**

☒ computed on full value of property conveyed, or
☐ computed on full value less liens or encumbrances remaining at the time of sale.
☒ unincorporated area:     ☐ **Agoura Hills, and**

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged, **Tax Deed Enterprises LLC - Limited Liability Corp.**

hereby GRANT(S) to    **THE ATLAS LLC, A CALIFORNIA LIMITED LIABILITY COMPANY**

the following described real property in the County of **Los Angeles**, State of California:
                        See exhibit **"A"** attached hereto and made a part hereof for legal description
More commonly known as: **Vacant Land - APN #2064-005-011 and #2064-005-015, Agoura Hills, CA  91301**

Date     November 12, 2020

Tax Deed Enterprises, LLC. a limited liability Corp.

By: Emil Assentato, Manager

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF New York
COUNTY OF Nassau                    } S.S.

On 17th Nov 2020, before me, Lucy Gioino, Notary Public personally appeared **Emil Assentato**, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of New York that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____     (Seal)

LUCY GIOINO
Notary Public, State of New York
No. 01GI6167210
Qualified in Nassau County
Commission Expires May 29, 2023

Mail Tax Statements to: SAME AS ABOVE or Address Noted Below

# EXHIBIT "A"

**PARCEL 1:**

LOT 3 IN TRACT NO. 33128, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, RECORDED IN BOOK 1099, PAGES 94 TO 97, INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT FROM A PORTION OF SAID LAND, ALL OIL, OIL RIGHTS, MINERALS, MINERAL RIGHTS, NATURAL GAS, NATURAL GAS RIGHTS AND OTHER HYDROCARBONS, BY WHATSOEVER NAME KNOWN, THAT MAY BE WITHIN OR UNDER THE PARCELS OF LAND HEREINAFTER DESCRIBED, WITHOUT, HOWEVER, THE RIGHT EVER TO DRILL, DIG OR MINE THROUGH THE SURFACE OF SAID LAND THEREFOR OR OTHERWISE IN SUCH MANNER AS TO ENDANGER THE SAFETY OF ANY HIGHWAY THAT MAY BE CONSTRUCTED ON THE LANDS HEREBY CONVEYED AS PROVIDED IN THE DEED RECORDED APRIL 2, 1951 AS INSTRUMENT NO. 3289, OF OFFICIAL RECORDS.

ALSO EXCEPT FROM A PORTION OF SAID LAND, ONE-HALF OF ALL CRUDE OIL, PETROLEUM, GAS, BREA, ASPHALTUM AND ALL KINDRED SUBSTANCES AND OTHER MINERALS UNDER AND IN SAID LAND, WITHOUT RIGHT OF ENTRY, AS PROVIDED IN THE DEED RECORDED DECEMBER 6, 1954 AS INSTRUMENT NO, 540, OF OFFICIAL RECORDS.

ALSO EXCEPT FROM A PORTION OF SAID LAND, ONE-HALF OF ALL MINERALS, OIL, PETROLEUM, ASPHALTUM, GAS, COAL AND OTHER HYDROCARBON SUBSTANCES AND WATER CONTAINED IN, ON, WITHIN AND UNDER SAID LAND, PROVIDED, HOWEVER, THAT THIS GRANT SHALL NEITHER GRANT NOR SHALL IT BE CONSTRUED AS GRANTING TO GRANTEES, THEIR SUCCESSORS IN INTEREST OR ASSIGNS THE RIGHT TO GO UPON OR UNDER SAID LANDS FOR THE PURPOSE OF EXTRACTING ANY OF SAID SUBSTANCES, AS PROVIDED IN THE DEED RECORDED OCTOBER 23, 1958 AS INSTRUMENT NO. 1532, OF OFFICIAL RECORDS.

ALSO EXCEPT ALL OIL, OIL RIGHTS, MINERALS, MINERAL RIGHTS, NATURAL GAS, NATURAL GAS RIGHTS AND OTHER HYDROCARBONS BY WHATSOEVER NAME KNOWN THAT MAY BE WITHIN OR UNDER THE HEREIN CONVEYED PARCEL OF LAND, AND THE RIGHTS THERETO, TOGETHER WITH CERTAIN OTHER CONDITIONS, AS EXCEPTED IN SAID PARCELS 45809-5 AND 46809-6 OF SAID FINAL ORDER OF CONDEMNATION, IN DEED (STATE PARCEL 18.1A) RECORDED APRIL 2, 1951 IN BOOK 35947 PAGE 142, OFFICIAL RECORDS, IN SAID PARCELS 1 AND 2 OF DEEDS (STATE PARCEL B7694).

**PARCEL 2:**

THAT PORTION OF THE NORTHWEST QUARTER OF THE SOUTHEAST QUARTER AND OF THE NORTHEAST QUARTER OF THE SOUTHWEST QUARTER OF SECTION 25, TOWNSHIP 1 NORTH, RANGE 18 WEST, AND THAT PORTION OF GOVERNMENT LOT 3 OF SAID SECTION 25, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, DESCRIBED AS FOLLOWS:

BEGINNING AT THE NORTHEASTERLY TERMINUS OF THAT CERTAIN COURSE DESCRIBED IN PARCEL 2 OF SAID DEED RECORDED IN BOOK 35947 PAGE 142, OF OFFICIAL RECORDS, AS HAVING A BEARING OF SOUTH 58° 434' 09" WEST, A DISTANCE OF 147.26 FEET; THENCE ALONG THE SOUTHERLY LINE OF THE LAND DESCRIBED IN LAST SAID DEED SOUTH 84° 44' 04" EAST, (ON A DIFFERENT BASIS OF BEARING), 182.76 FEET TO A TANGENT CURVE IN SAID SOUTHERLY LINE, CONCAVE NORTHERLY AND HAVING A RADIUS OF 2,050 FEET; THENCE ALONG SAID CURVE EASTERLY, THROUGH AN ANGLE OF 02° 20' 44" AN ARC DISTANCE 83.92 FEET;

ORDER NO. 3910120-06600

### LEGAL DESCRIPTION CONTINUED

THENCE SOUTH 41° 07' 44" WEST, 275.25 FEET; THENCE SOUTH 52° 31' 06" WEST, 207.20 FEET; THENCE SOUTH 84° 11' 33" WEST, 124.90 FEET; THENCE NORTH 62° 04' 30" WEST, 287.87 FEET; THENCE NORTH 77° 18' 25" WEST, 360.87 FEET; THENCE SOUTH 71° 31' 30" WEST, 155.86 FEET; THENCE SOUTH 75° 17' 41" WEST, 146.58 FEET; THENCE SOUTH 80° 06' 39" WEST, 237.08 FEET TO A POINT IN SAID SOUTHERLY LINE OF LAND DESCRIBED IN SAID DEED; THENCE IN A GENERAL EASTERLY DIRECTION ALONG SAID SOUTHERLY LINE, THROUGH THE VARIOUS COURSES AND DISTANCES THEREIN, TO THE POINT OF BEGINNING.

EXCEPTING THAT PORTION OF LAND RECORDED IN DEED 1996-1294372.

EXCEPT ONE-HALF OF ALL CRUDE OIL, PETROLEUM, GAS, BREA, ASPHALTUM AND ALL KINDRED SUBSTANCES AND OTHER MINERALS, UNDER AND IN SAID LAND, WITHOUT RIGHT OF ENTRY, AS RESERVED IN THE DEED FROM NORBERT R. NETTLESHIP AND M. ATHEA WHITE NETTLESHIP, HUSBAND AND WIFE, RECORDED DECEMBER 6, 1954 IN BOOK 46287 PAGE 361, OF OFFICIAL RECORDS.

ALSO EXCEPTING THREFROM ALL OIL, OIL RIGHTS, MINERALS, MINERAL RIGHTS, NATURAL GAS, NATURAL GAS RIGHTS, AND OTHER HYDROCARBONS BY WHATSOEVER NAME KNOWN THAT MAY BE WITHIN OR UNDER THE PARCEL OF LAND HEREINABOVE DESCRIBED TOGETHER WITH THE PERPETUAL RIGHT OF DRILLING, MINING, EXPLORING AND OPERATING THEREFOR AND REMOVING THE SAME FROM SAID LAND OR ANY OTHER LAND, INCLUDING THE RIGHT TO WHIPSTOCK OR DIRECTIONALLY DRILL AND MINE FROM LANDS OTHER THAN THOSE HEREINABOVE DESCRIBED, OIL OR GAS WELLS, TUNNELS AND SHAFTS INTO, THROUGH OR ACROSS THE SUBSURFACE OF THE LAND HEREIN ABOVE DESCRIBED, AND TO BOTTOM SUCH WHIPSTOCKED OR DIRECTIONALLY DRILLED WELLS, TUNNELS AND SHAFTS UNDER SAID BENEATH OR BEYOND THE EXTERIOR LIMITS THEREOF, AND TO REDRILL, RETUNNEL, EQUIP, MAINTAIN, REPAIR, DEEPEN AND OPERATE ANNY SUCH WELLS OR MINES, WITHOUT, HOWEVER, THE RIGHT TO DRILL, MINE, EXPLORE AND OPERATE THROUGH THE SURFACE OR THE UPPER 100 FEET OF THE SUBSURFACE OF THE LAND HEREINABOVE DESCRIBED OR OTHERWISE IN SUCH MANNER AS TO ENDANGER THE SAFETY OF ANY HIGHWAY THAT MAY BE CONSTRUCTED ON SAID LANDS, AS EXCEPTED BY DEED FROM BOB HOPE, WHO ACQUIRED TITLE AS LESTER T. HOPE AND DOLORES HOPE, HUSBAND AND WIFE, RECORDED JULY 11, 1964.

***END OF LEGAL DESCRIPTION***




**This page is part of your document - DO NOT DISCARD**



## 20201688736



**Pages:**
**0015**

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**12/18/20 AT 08:00AM**

| | |
|---|---|
| FEES: | 66.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 66.00 |



**L E A D S H E E T**



**202012180190061**

**00019565345**



**011590631**

**SEQ:**
**03**

**SECURE - 8:00AM**




**THIS FORM IS NOT TO BE DUPLICATED**

*E460070*



E08_201218_8000049

RECORDED AT REQUEST OF

EQUITY TITLE CO


WHEN RECORDED MAIL TO
EMIL ASSENTATO
141 PIPING ROCK RD
LOCUST VALLEY, NY 11560

(FOR RECORDER'S USE ONLY)

# DEED OF TRUST

(Please fill in document Title(s) on this line)

SB 2 Exemptions (choose the statement that applies):

⦿ Exempt from fee per GC 27388.1 (a) (2); recorded concurrently "in connection with a transfer subject to the imposition of documentary transfer tax"

◯ Exempt from fee per GC 27388.1 (a) (2); recorded concurrently "in connection with a transfer of real property that is a residential dwelling to an owner-occupier"

◯ Exempt from fee per GC 27388.1 (a) (1); "fee cap of $225 reached"

◯ Exempt from fee per GC 27388.1 (a) (1); "not related to real property"

Accommodation

*39/0/20-0LLCO*

RECORDING REQUEST BY

EQUITY TITLE CO

WHEN RECORDED MAIL TO
EMIL ASSENTATO
141 PIPING ROCK RD
LOCUST VALLEY, NY 11560

SPACE ABOVE THIS LINE RESERVED FOR RECORDER'S USE

## TITLE(S)

DEED OF TRUST

Assessor's Identification Number (AIN)  2064-005-011 AND 2064-005-015

**Prepared By:**

Brown Realty Group

2945 Westwood Blvd

Los Angeles, CA 90064

**After Recording Return To**:

Emil Assentato

141 Piping Rock Rd

Locust Valley, NY 11560

SPACE ABOVE THIS LINE FOR RECORDER'S USE

Parcel Number (APN): 2064-005-●11 and 2064-005-015

## DEED OF TRUST

**THIS DEED OF TRUST (the "Trust") dated October 22, 2020, is made by and between:**

THE ATLAS LLC, A CALIFORNIA LIMITED LIABILITY COMPANY of 10226 Regent St, Los Angeles, California 90034
(the "Borrower")

**-AND-**

Emil Assentato of 141 Piping Rock Rd, Locust Valley, New York 11560
(the "Lender")

**-AND-**

Brown Realty Group of 2945 Westwood Blvd, Los Angeles, California 90064
(the "Trustee")

**WITNESSETH:**

**THAT FOR AND IN CONSIDERATION OF** the sum lent to the Borrower by the Lender, in the amount of $110,000.00 U.S. Dollars (the "Principal Amount") as evidenced by the promissory note (the "Note") dated October 22, 2020, the receipt of which the Borrower does hereby acknowledge itself indebted, the Borrower IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS to TRUSTEE IN TRUST, WITH POWER OF SALE, the following described real property (the "Property"), located at APN 2064-005-011 and 2064-005-015 in the County of Los Angeles, State of California, with the following legal description:
SEE ATTACHED EXHIBIT "A" FOR COMPLETE LEGAL DESCRIPTION
scription:
TR=33128 LOT 0003
FOR DESC SEE ASSESSOR'S MAPS POR OF SW 1/4 AND SE 1/4 SEC 25 T1N R18W

**TOGETHER WITH** all the improvements now or hereafter erected on the Property, and all easements, appurtenances, and fixtures now or hereafter a part of the Property. All replacements and additions will also be covered by this Trust.

**BORROWER COVENANTS** that Borrower is the legal owner of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower further warrants and will defend

**THIS DEED OF TRUST IS SECOND AND SUBJECT TO A FIRST DEED OF TRUST RECORDING CONCURRENTLY.**

generally the title to the Property against all claims and demands, subject to any encumbrances of record.

**To Protect the Security of this Deed of Trust, the parties do hereby agree as follows:**

## TERMS RELATING TO PAYMENT

**1. PROMISE TO PAY.** The Borrower, for value received, promises to pay to the Lender the Principal Amount, interest and all fees and costs on the terms outlined in this Trust or in any amendment, extension, or renewal of the Trust and any additional amounts secured by this Trust on the terms elsewhere provided for such debts and liabilities.

**2. INTEREST.** The Borrower agrees to pay the Principal Amount with interest before and after maturity and before and after default at the rate of 0 percent (the "Interest Rate"). The Interest Rate will be calculated from the date this Trust begins on   October 22, 2020   (the "Adjustment Date") and accrues until the whole of the Principal Amount is paid. The Loan will be repaid on the following terms:

   a. The Principal Amount with interest will be repaid in consecutive annual installments of $110,000.00.

   b. The Adjustment Date for this Trust is   October 22, 2021   ;

   c. The balance, if any, of the Principal Amount and any interest thereon and any other moneys owed under this Trust will be due and payable on November 04, 2021 (the "Maturity Date").

**3. PAYMENT LOCATION.** The Borrower will make payments to 141 Piping Rock Rd, Locust Valley, New York 11560, or at such other place as may be designated by Lender at a later date.

**4. FUNDS FOR ESCROW ITEMS.** The Borrower will pay to Lender, on the day periodic payments are due under this Trust, until the Principal Amount is paid in full, a sum (the "Funds") to provide for payment for: (a) any taxes, assessments, or other items which can take priority over this Trust as a lien or encumbrance on the Property; (b) lease payments on the Property, if any; (c) premiums for any and all insurance, including Mortgage Insurance required by the Lender. These items are called "Escrow Items."

The Borrower must notify the Lender of all amounts to be paid under this Section. If the Lender requires, the Borrower must provide receipts evidencing such payments to the Lender. If the Borrower does not make payments on time, the Lender can, at its discretion, make any and all past due payments for Escrow Items and the Borrower will be obligated to repay the Lender for any such amount. The Lender may waive the Borrowers obligation to pay the Lender for any and

all Escrow Items at any time by providing written notice to the Borrower. If such waiver occurs, the Borrower must pay directly, when and where payable, the amounts due for any and all Escrow Items. If the Borrower is obligated to pay Escrow Items directly, and the Borrower fails to make payments on time, then the Lender may exercise its rights under this Section and pay for any such amounts and Borrower will be obligated to repay Lender for any such amount.

The Borrower will collect and hold the Funds in accordance with the Real Estate Settlement Procedures Act (the "RESPA"). Lender will estimate the amount of Funds due in accordance with Applicable Law. If there is a surplus of Funds held in escrow, as defined under RESPA, the Lender must provide to Borrower the excess funds in accordance with RESPA. If there is a shortage or deficiency of Funds held in escrow, as defined under RESPA, Lender must notify Borrower in writing and Borrower must pay to Lender the amount necessary to make up the shortage or deficiency.

Upon payment in full of all Funds relating to Escrow Items, Lender will promptly refund to Borrower any excess Funds held by Lender.

**5. OBLIGATION TO PAY.** The Borrower agrees to pay all moneys payable pursuant to this Trust and all additional amounts secured by this Trust without abatement, set-off or counterclaim. Should the Borrower make any claim against the Lender either initially or by way of abatement, set-off or counterclaim, the Borrower agrees that any such claim will not reduce or postpone their obligation to make all payments as provided by this Trust.

**6. APPLICATION OF PAYMENTS.** All payments paid by the Borrower and received by the Lender will first be applied in payment of the interest calculated at the Interest Rate, and second in payment of the Principal Amount. Such payments will be applied in the order in which it became due. However, if the Borrower defaults on payment, then the Lender will have the right to apply any payments received while in default as the Lender so chooses.

**7. PREPAYMENT PRIVILEGES.** When not in default, the Borrower may prepay, without penalty, all or a portion of the Principal Amount and Interest earlier than it is due (i.e., make payment prior to the time that it is due). Partial prepayment will not postpone the due date of any subsequent payment or change the payment amount, unless the Lender otherwise agrees in writing. Rather, prepayments will first be applied to the interest calculated at the Interest Rate, and second to the Principal Amount.

**8. ADDITIONAL CHARGES AND ENCUMBRANCES.** The Borrower must pay all taxes, assessments, charges, fines, and all other impositions attributable to the Property and all trusts, liens, and other encumbrances on the Property. To the extent that these items are Escrow Items, the Borrower will pay them in the manner provided in Section 4.

**9. RELEASE AND RECONVEYANCE.** Upon payment of all sums secured by this Trust, including the Principal Amount and interest, the Lender will request the Trustee to reconvey the Property and must surrender this Trust and the Note evidencing debt secured by this Trust to Trustee. Trustee must reconvey the Property without warranty to the person or persons legally

entitled to it. Such person or persons will pay any recordation costs. The Lender may charge such person or persons a fee for reconveying the Property, but only if the fee is paid to a third party (such as the Trustee) for services rendered and the charging of the fee is permitted under Applicable Law.

**10. NO SALE WITHOUT CONSENT**. The Trustee will not sell, transfer, assign, or otherwise dispose of all or part of the Property or any interest in the Property, without the Borrower's and Lender's prior written consent.

**11. PROPERTY INSURANCE**. The Borrower must keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which the Lender requires insurance. The insurance carrier providing the insurance will be chosen by the Borrower. However, the Lender will have the right to disapprove the Borrower's choice, which right may not be unreasonable.

If the Borrower fails to maintain any of the coverage's described above, then Lender may obtain insurance coverage, at Lender's discretion and Borrower's expense. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of the insurance that the Borrower could have obtained. However, any amounts paid by Lender will become additional debt of the Borrower and secured by this Trust. The amounts paid by the Lender will bear interest at the Interest Rate from the date of payment and will be payable, with such interest, upon notice from Lender to Borrower requesting payment.

All insurance policies must include a standard mortgage and/or trust clause and will name Lender as mortgagee and/or as an additional loss payee, stating that any loss is payable to the Lender. Borrower further agrees to generally assign rights to insurance proceeds to the Lender up to the amount of the outstanding loan balance. If, at the request of the Lender, Borrower will provide Lender (a) a copy of the insurance policy; (b) all receipts of paid premiums and renewal notices.

In the event of loss, the Borrower must give prompt notice to the insurance carrier and to the Lender. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds must be applied to restoration or repair of the Property, if the restoration or repair is economically feasible. If the restoration or repair is not economically feasible, the insurance proceeds will be applied to the remainder of this Trust, whether or not the balance of the Trust is then due, with the excess, if any, paid to the Borrower.

**12. OCCUPANCY, MAINTENANCE, AND REPAIR**. The Borrower will occupy, establish, and use the Property as Borrower's principal residence after the execution of this Trust. The Borrower will not allow the Property to become vacant without the written consent of the Lender. The Borrower will not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not the Borrower is residing at the Property, the Borrower will maintain the Property in order to prevent the Property from deteriorating or decreasing value due to its condition. Unless repair or restoration is not economically feasible, Borrower will promptly make all necessary repairs, replacements, and improvements to avoid any

further deterioration or damage. The Lender may, whenever necessary, make reasonable entries upon and inspections of the Property. If the Borrower neglects to maintain the Property in good condition or allows the Property to deteriorate resulting in decreased property value, the Lender will have the right to make such repairs and improvements as it considers necessary to maintain the Property.

**13. HAZARDOUS SUBSTANCES**. The Borrower will not cause or permit the presence, use, disposal, storage, or release of any hazardous substances on the Property. Hazardous substances include pollutants, wastes, and those substances defined as toxic or hazardous substances by environmental law, as well as the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. Furthermore, the Borrower will not, nor allow anyone else to do, anything affecting the Property involving any hazardous substances that would materially affect the value of the Property. The Borrower will promptly take all necessary remedial actions under federal, state, and local laws regarding hazardous substances.

## DEFAULT AND REMEDIES

**14. DEFAULT**. The Borrower will be considered in default under the terms of this Trust if any of the following conditions are met:

> a. The Borrower fails to pay the sum of the Principal Amount, interest, or any other amounts due under this Trust.

> b. The Borrower fails to perform or comply with any of the terms and conditions or any obligations or responsibilities due under this Trust.

> c. The Borrower has given or made, at any time during the loan process, any materially false, misleading, or inaccurate information or statements to the Lender or any other party under this Trust in connection with the loan.

> d. If any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Trust.

> e. If a lien is registered against the Property, or if default occurs under any other lien or encumbrance existing against the Property;

> f. The Borrower abandons or fails to occupy the Property.

> g. The Property or any material part of the Property is expropriated.

**15. ACCELERATION**. If at any time the Borrower should be in default under this Trust, the Lender must give notice to the Borrower. The notice must specify: (a) the default; (b) the action required to cure the default (if allowable); (c) a date, not less than 30 days from the date of the

notice, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Trust and sale of the Property. If the default is not curable and/or if the default is not cured on or before the date specified in the notice, the Lender at its option may require immediate payment in full of all sums, including the Principal Amount, interest, and all other amounts secured by this Trust. If the default is cured, the Trust will be reinstated. If the default is not cured, the Lender may invoke the power of sale and begin foreclosure proceedings.

The Lender will at all times retain the right to require immediate payment in full in the event of default. Any forbearance on the part of the Lender upon default, which includes but is not limited to acceptance of late payment, acceptance of payment from third parties, or acceptance of payments less than the amount due, will not constitute a waiver to enforce acceleration on default.

**16. PROTECTION OF LENDER'S INTEREST.** If at any time the Borrower fails to perform the covenants and agreements under this Trust, or if there is a legal proceeding that significantly affects the Lender's interest in the Property, or if the Borrower has abandoned the Property, then the Lender may do and pay for whatever is reasonable or appropriate to protect the Lender's interest in the Property and/or rights under this Trust, which includes, but is not limited to:

    a. Paying any sums secured by a lien which has priority over this Trust;

    b. Appearing in court;

    c. Paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Trust; and

    d. Paying for reasonable costs to repair and maintain the Property.

The Lender will at all times retain the right to take action under this Section. However, the Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that the Lender will not incur any liability for not taking any or all actions to perform such tasks. Furthermore, any amounts paid by the Lender will become additional debt of the Borrower secured by this Trust.

**17. POWER OF SALE.** If at any time the Borrower is in default under this Trust, the Lender will have the right and authority to foreclose and force the sale of the Property without any judicial proceeding. Any delay in the exercising of this right will not constitute a waiver to exercise this right at a later date should the Borrower remain in default or subsequently default again in the future.

**18. REMEDIES.** The Lender will have the right to invoke all remedies permitted under Applicable Law, whether or not such remedies are expressly granted in this Trust, including but not limited to any foreclosure proceedings.

If the Lender invokes the power of sale, the Trustee will execute a written notice of the occurrence of an event of default and of the Lender's decision to sell the Property. The Lender or Trustee will

mail copies of the notice to the Borrower and Guarantor and will also give public notice of sale in the manner provided by Applicable Law. After the time required by Applicable Law, the Trustee will sell the Property at a public auction to the highest bidder at the time and place and under the terms designated by the Trustee in the notice of sale. The Trustee may postpone sale of the Property by public announcement at the time and place of any previously scheduled sale. Furthermore, the Lender or its designee may purchase the Property at any sale.

## MISCELLANEOUS TERMS

**19. GOVERNING LAW.** This Trust will be construed in accordance with the laws of the state of California ("Applicable Law"). Applicable Law will include all controlling applicable federal, state and local statutes. All rights and obligations under this Trust are subject to any requirements and limitations of Applicable Law.

**20. SEVERABILITY.** If any portion of this Trust will be held to be invalid or unenforceable for any reason, the remaining provisions will continue to be valid and enforceable. If a court finds that any provision of this Trust is invalid or unenforceable, but that by limiting such provision it would become valid and enforceable, then such provision will be deemed to be written, construed, and enforced as so limited.

**21. JOINT SIGNATURES.** If the Borrower is more than one person or legal entity, each Borrower who signs this Trust will be jointly and severally bound to comply with all the obligations and liabilities of the other Borrower(s).

**22. STATUTORY PROVISIONS.** The provisions contained in this Trust are additional and supplemental, to the extent permitted by law, to the provisions set out in the Applicable Law as they relate to trusts.

**23. SUBSTITUTE TRUSTEE.** The Lender may, at its option, from time to time appoint a successor Trustee by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county in which the property is located. The instrument will contain the name of the original Lender, Trustee, and Borrower, the book and page where this Trust is recorded and the name and address if the successor Trustee. Without conveyance of the Property, the successor trustee will succeed to all the title, powers and duties of the Trustee.

**24. STATEMENT OF OBLIGATION FEE.** Lender may collect a fee not to exceed the maximum amount permitted by Applicable Law for furnishing the statement of obligation as provided by § 2943 of the Civil Code of California.

**25. NOTICE.** All notice given by either party in connection with this Trust must be in writing. Notice will be considered sufficient when mailed by first class or certified mail to the address of the recipient. The recipient's address will be the property address as stated under this Trust unless another address has been designated. If there is a change of address by any party, that party must

promptly notify all parties under this Trust of the change of address. Any notice will be considered effective on the same day that it was sent, unless the day falls on a national holiday, Saturday, or Sunday, in which case, the next business day will be considered as the day of receipt.

   **IN WITNESS WHEREOF** this Trust has been executed by the Borrower in the manner prescribed by law as of October 22, 2020 as stated above.

Borrower:

**THE ATLAS LLC, A CALIFORNIA LIMITED LIABILITY COMPANY**

By _____

   CLINTON BROWN, MANAGING MEMBER

Date: 11/10/2020

[Notary Acknowledgment to Follow]

# ACKNOWLEDGMENT

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of _____LOS ANGELES_____ )

On __NOV 1 0 2020_____ before me, _____LANA BROWN, A NOTARY PUBLIC_____
(insert name and title of the officer)

personally appeared ___Clinton Brown_____
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)

> LANA BROWN
> Notary Public - California
> Los Angeles County
> Commission # 2296575
> My Comm. Expires Aug 8, 2023

EXHIBIT "A"

PARCEL 1:

LOT 3 IN TRACT NO. 33128, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, RECORDED IN BOOK 1099, PAGES 94 TO 97, INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT FROM A PORTION OF SAID LAND, ALL OIL, OIL RIGHTS, MINERALS, MINERAL RIGHTS, NATURAL GAS, NATURAL GAS RIGHTS AND OTHER HYDROCARBONS, BY WHATSOEVER NAME KNOWN, THAT MAY BE WITHIN OR UNDER THE PARCELS OF LAND HEREINAFTER DESCRIBED, WITHOUT, HOWEVER, THE RIGHT EVER TO DRILL, DIG OR MINE THROUGH THE SURFACE OF SAID LAND THEREFOR OR OTHERWISE IN SUCH MANNER AS TO ENDANGER THE SAFETY OF ANY HIGHWAY THAT MAY BE CONSTRUCTED ON THE LANDS HEREBY CONVEYED AS PROVIDED IN THE DEED RECORDED APRIL 2, 1951 AS INSTRUMENT NO. 3289, OF OFFICIAL RECORDS.

ALSO EXCEPT FROM A PORTION OF SAID LAND, ONE-HALF OF ALL CRUDE OIL, PETROLEUM, GAS, BREA, ASPHALTUM AND ALL KINDRED SUBSTANCES AND OTHER MINERALS UNDER AND IN SAID LAND, WITHOUT RIGHT OF ENTRY, AS PROVIDED IN THE DEED RECORDED DECEMBER 6, 1954 AS INSTRUMENT NO, 540, OF OFFICIAL RECORDS.

ALSO EXCEPT FROM A PORTION OF SAID LAND, ONE-HALF OF ALL MINERALS, OIL, PETROLEUM, ASPHALTUM, GAS, COAL AND OTHER HYDROCARBON SUBSTANCES AND WATER CONTAINED IN, ON, WITHIN AND UNDER SAID LAND, PROVIDED, HOWEVER, THAT THIS GRANT SHALL NEITHER GRANT NOR SHALL IT BE CONSTRUED AS GRANTING TO GRANTEES, THEIR SUCCESSORS IN INTEREST OR ASSIGNS THE RIGHT TO GO UPON OR UNDER SAID LANDS FOR THE PURPOSE OF EXTRACTING ANY OF SAID SUBSTANCES, AS PROVIDED IN THE DEED RECORDED OCTOBER 23, 1958 AS INSTRUMENT NO. 1532, OF OFFICIAL RECORDS.

ALSO EXCEPT ALL OIL, OIL RIGHTS, MINERALS, MINERAL RIGHTS, NATURAL GAS, NATURAL GAS RIGHTS AND OTHER  HYDROCARBONS BY WHATSOEVER NAME KNOWN THAT MAY BE WITHIN OR UNDER THE HEREIN CONVEYED PARCEL OF LAND, AND THE RIGHTS THERETO, TOGETHER WITH CERTAIN OTHER CONDITIONS, AS EXCEPTED IN SAID PARCELS 45809-5 AND 46809-6 OF SAID FINAL ORDER OF CONDEMNATION, IN DEED (STATE PARCEL 18.1A) RECORDED APRIL 2, 1951 IN BOOK 35947 PAGE 142, OFFICIAL RECORDS, IN SAID PARCELS 1 AND 2 OF DEEDS (STATE PARCEL B7694).

PARCEL 2:

THAT PORTION OF THE NORTHWEST QUARTER OF THE SOUTHEAST QUARTER AND OF THE NORTHEAST QUARTER OF THE SOUTHWEST QUARTER OF SECTION 25, TOWNSHIP 1 NORTH, RANGE 18 WEST, AND THAT PORTION OF GOVERNMENT LOT 3 OF SAID SECTION 25, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, DESCRIBED AS FOLLOWS:

BEGINNING AT THE NORTHEASTERLY TERMINUS OF THAT CERTAIN COURSE DESCRIBED IN PARCEL 2 OF SAID DEED RECORDED IN BOOK 35947 PAGE 142, OF OFFICIAL RECORDS, AS HAVING A BEARING OF SOUTH 58° 434' 09" WEST, A DISTANCE OF 147.26 FEET; THENCE ALONG THE SOUTHERLY LINE OF THE LAND DESCRIBED IN LAST SAID DEED SOUTH 84° 44' 04" EAST, (ON A DIFFERENT BASIS OF BEARING), 182.76 FEET TO A TANGENT CURVE IN SAID SOUTHERLY LINE, CONCAVE NORTHERLY AND HAVING A RADIUS OF 2,050 FEET; THENCE ALONG SAID CURVE EASTERLY, THROUGH AN ANGLE OF 02° 20' 44" AN ARC DISTANCE 83.92 FEET;

ORDER NO. 3910120-06600

## LEGAL DESCRIPTION CONTINUED

THENCE SOUTH 41° 07' 44" WEST, 275.25 FEET; THENCE SOUTH 52° 31' 06" WEST, 207.20 FEET; THENCE SOUTH 84° 11' 33" WEST, 124.90 FEET; THENCE NORTH 62° 04' 30" WEST, 287.87 FEET; THENCE NORTH 77° 18' 25" WEST, 360.87 FEET; THENCE SOUTH 71° 31' 30" WEST, 155.86 FEET; THENCE SOUTH 75° 17' 41" WEST, 146.58 FEET; THENCE SOUTH 80° 06' 39" WEST, 237.08 FEET TO A POINT IN SAID SOUTHERLY LINE OF LAND DESCRIBED IN SAID DEED; THENCE IN A GENERAL EASTERLY DIRECTION ALONG SAID SOUTHERLY LINE, THROUGH THE VARIOUS COURSES AND DISTANCES THEREIN, TO THE POINT OF BEGINNING.

EXCEPTING THAT PORTION OF LAND RECORDED IN DEED 1996-1294372.

EXCEPT ONE-HALF OF ALL CRUDE OIL, PETROLEUM, GAS, BREA, ASPHALTUM AND ALL KINDRED SUBSTANCES AND OTHER MINERALS, UNDER AND IN SAID LAND, WITHOUT RIGHT OF ENTRY, AS RESERVED IN THE DEED FROM NORBERT R. NETTLESHIP AND M. ATHEA WHITE NETTLESHIP, HUSBAND AND WIFE, RECORDED DECEMBER 6, 1954 IN BOOK 46287 PAGE 361, OF OFFICIAL RECORDS.

ALSO EXCEPTING THREFROM ALL OIL, OIL RIGHTS, MINERALS, MINERAL RIGHTS, NATURAL GAS, NATURAL GAS RIGHTS, AND OTHER HYDROCARBONS BY WHATSOEVER NAME KNOWN THAT MAY BE WITHIN OR UNDER THE PARCEL OF LAND HEREINABOVE DESCRIBED TOGETHER WITH THE PERPETUAL RIGHT OF DRILLING, MINING, EXPLORING AND OPERATING THEREFOR AND REMOVING THE SAME FROM SAID LAND OR ANY OTHER LAND, INCLUDING THE RIGHT TO WHIPSTOCK OR DIRECTIONALLY DRILL AND MINE FROM LANDS OTHER THAN THOSE HEREINABOVE DESCRIBED, OIL OR GAS WELLS, TUNNELS AND SHAFTS INTO, THROUGH OR ACROSS THE SUBSURFACE OF THE LAND HEREIN ABOVE DESCRIBED, AND TO BOTTOM SUCH WHIPSTOCKED OR DIRECTIONALLY DRILLED WELLS, TUNNELS AND SHAFTS UNDER SAID BENEATH OR BEYOND THE EXTERIOR LIMITS THEREOF, AND TO REDRILL, RETUNNEL, EQUIP, MAINTAIN, REPAIR, DEEPEN AND OPERATE ANNY SUCH WELLS OR MINES, WITHOUT, HOWEVER, THE RIGHT TO DRILL, MINE, EXPLORE AND OPERATE THROUGH THE SURFACE OR THE UPPER 100 FEET OF THE SUBSURFACE OF THE LAND HEREINABOVE DESCRIBED OR OTHERWISE IN SUCH MANNER AS TO ENDANGER THE SAFETY OF ANY HIGHWAY THAT MAY BE CONSTRUCTED ON SAID LANDS, AS EXCEPTED BY DEED FROM BOB HOPE, WHO ACQUIRED TITLE AS LESTER T. HOPE AND DOLORES HOPE, HUSBAND AND WIFE, RECORDED JULY 11, 1964.

***END OF LEGAL DESCRIPTION***

# *LOAN AGREEMENT*

$250,000.00                                                          Date: Februrary 2, 2021

For value received, the undersigned The Atlas, LLC (the "Borrower"), at 10226 Regent St. Los Angeles, CA 90034, California 90034, promises to pay to the order of Emil Assentato (the "Lender"), at 141 Piping Rock Rd, Locust Valley, New York 11560 (or at such other place as the Lender may designate in writing), a line of credit up to $250,000.00 at 5 percent interest accrued monthly and added to balance.

## I. TERMS OF REPAYMENT

### A. Payments

The unpaid principal and interest shall be payable in full on December 31, 2021 (the "Due Date").

### B. Acceleration of Debt

If any payment obligation under this Note is not paid when due, the remaining unpaid principal balance and any accrued interest shall become due immediately at the option of the Lender.

## II. PREPAYMENT

The Borrower reserves the right to prepay this Note (in whole or in part) prior to the Due Date with no prepayment penalty.

## III. COLLECTION COSTS

If any payment obligation under this Note is not paid when due, the Borrower promises to pay all costs of collection, including reasonable attorney fees, whether or not a lawsuit is commenced as part of the collection process.

## IV. DEFAULT

If any of the following events of default occur, this Note and any other obligations of the Borrower to the Lender, shall become due immediately, without demand or notice:

1) the failure of the Borrower to pay the principal and any accrued interest when due:



This is a Rocketlawyer.com document.

2) the liquidation, dissolution, incompetency or death of the Borrower;

3) the filing of bankruptcy proceedings involving the Borrower as a debtor;

4) the application for the appointment of a receiver for the Borrower;

5) the making of a general assignment for the benefit of the Borrower's creditors;

6) the insolvency of the Borrower;

7) a misrepresentation by the Borrower to the Lender for the purpose of obtaining or extending credit; or

8) the sale of a material portion of the business or assets of the Borrower.

## V. SEVERABILITY OF PROVISIONS

If any one or more of the provisions of this Note are determined to be unenforceable, in whole or in part, for any reason, the remaining provisions shall remain fully operative.

## VI. MISCELLANEOUS

All payments of principal and interest on this Note shall be paid in the legal currency of the United States. The Borrower waives presentment for payment, protest, and notice of protest and demand of this Note.

No delay in enforcing any right of the Lender under this Note, or assignment by Lender of this Note, or failure to accelerate the debt evidenced hereby by reason of default in the payment of a monthly installment or the acceptance of a past-due installment shall be construed as a waiver of the right of Lender to thereafter insist upon strict compliance with the terms of this Note without notice being given to Borrower. All rights of the Lender under this Note are cumulative and may be exercised concurrently or consecutively at the Lender's option.

This note may not be amended without the written approval of the holder.

## VII. GOVERNING LAW

This Note shall be construed in accordance with the laws of the State of California.

## VIII. SIGNATURES



This is a RocketLawyer.com document.

This Note shall be signed by Clinton Brown, on behalf of The Atlas, LLC and Emil Assentato.

**[SIGNATURE PAGE FOLLOWS]**

This is a RocketLawyer.com document.

**IN WITNESS WHEREOF,** this Agreement has been executed and delivered in the manner prescribed by law as of the date first written above.

Signed this _____ day of _____ 02/02/2021 _____ , _____ , at ___ Los Angeles _____ .
California _____

Borrower:
The Atlas, LLC

By: _____ *Clinton Brown* _____          Date: ___ 02/02/2021 _____
        Clinton Brown

Lender:
Emil Assentato

By: _____          Date: ___ 2-7-21 _____
        Emil Assentato

This is a RocketLawyer.com document.