Fred Hickman (Cal. SBN124406)
17602 17th St Ste 102-206
Tustin CA 92780
714-315-1565
email fredhickman@gmail.com

Attorney for: Defendants Emil Assentato
and Tax Deed Enterprises, LLC,
a Delaware limited liability company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CLINTON BROWN,<br><br>　　　　　PLAINTIFF,<br><br>VS.<br><br>EMIL ASSENTATO, TAX DEED ENTERPRISES LLC, STEVE WEERA TONASUT TRUST,<br><br>　　　　　DEFENDANTS. | Case No.:LACV23-02972-MEMF(KSx)<br><br>REPLY TO OPPOSITION TO MOTION TO DISMISS BY DEFENDANTS ASSENTATO AND TAX DEED ENTERPRISES, LLC.<br><br>DATE: SEPTEMBER 21, 2023<br>TIME: 10:00 A.M.<br>CTRM: 8B |

　　　Plaintiff fails to show that his complaint meets the pleading standards required to state a claim for a federal securities law violation. Nor does the complaint's allegations show a basis for federal jurisdiction to exist.

　　1. NO STANDING EXISTS, AND NO CLAIM IS STATED.

　　　Plaintiff's opposition to justify the sufficient of his allegations merely sets the same forth on page 4 of his Opposition, Doc. 27, filed 07/16/23. Plaintiff makes no attempt to show that the statutes and case law on a federal securities claim are satisfied, making no arguments except bald assertions, and conclusions. These cannot suffice. Plaintiff makes no discussion of the string citations he offers, and no support arises therefrom.

Altogether, Plaintiff has this case upside-down and backwards. The allegations and judicial notice facts show that no security was issued to him, and no investment contract was offered nor purchased by him. Rather, all show that he is the member-manager with control over The Atlas LLC with his 50% interest, and his control of operations, books, records, and finances. Though he complains the LLC is "undercapitalized". That carries no weight. Rather, his position is that "not enough money" was put in by the two defendants. This despite the purchase money loan for the real property deeded to The Atlas LLC, and the unsecured loan of $250,000 he took for the LLC, both of those loans from defendant Assentato, for which the Atlas LLC gave promissory notes to Assentato. Plaintiff did not "buy" an investment contract nor a security from defendants. His "sweat equity", his skill and efforts supposedly, is what he invested, but subject alone to his own determination and control—not that of the defendants. And so he blames defendants for not putting in more money to achieve his own commercial purposes through The Atlas LLC.

Here, the allegations and judicial notice show the opposite of Plaintiff maintains. If anything, it is Plaintiff alone who "issued" a security or investment contract to defendants. His allegations show that they were depending on Plaintiff's business skill and acumen and sweat equity, his labors, as he alleges, for potential profit. The defendants merely invested in the LLC money and real property. If federal securities law was violated, it is Plaintiff that violated the law against the defendants.

2. PLAINTIFF ESTABLISHED THE ATLAS LLC IN HIS OWN CONTROL AS MEMBER-MANAGER OWNING 50%, EXPECTING ONLY TO OBTAIN PROFIT BASED ON HIS OWN "SWEAT EQUITY", SHOWING THAT NO FEDERAL SECURITIES LAW VIOLATION EXISTS.

Plaintiff's control of the business of the LLC, as member-manager, with control of books and records and accounts and activities, means that his interest in the LLC is not an investment contract and so not subject to federal securities laws. *Ave. Capital Mgmt. II, L.P. v. Schaden,* 843 F.3d 876, 884 (10th Cir. 2016), upheld a motion to dismiss a federal securities claim over an LLC interest because of "control . . . preventing characterization of the (LLC) investments as investment contracts.")

1	Here, Plaintiff had control over the LLC, and that is fatal to his claim. Plaintiff's control over the affairs of the LLC meant that he had the power over his investment and did not depend on the defendants, as the two lesser members who did not exercise the LLC's management. His sweat equity investment to run the LLC, and his authorizing and signing for its loans for purchase money and operations, cannot be viewed as a regulated investment contract under federal securities laws. This is, in part, because Plaintiff himself was in control of the LLC as member-manager.

Plaintiff's 'sweat equity' involvement also defeats the claim. *Hardisty v. Moore* (USDC SD Cal., 10/9/2012, Battaglia, Anthony J., Dist. Judge, Case No.: 11cv1591 AJB (BLM), p. *7. Plaintiff's allegations fail the prong that his 'investment' is "based on an expectation of profits to be derived solely from the efforts of individuals other than the investor." *Id., Hardisty,* p. *7, (citing *Deutsch Energy Co. v. Mazur*, 813 F.2d. 1567, 1568 (9th Cir. 1987). In Hardisty, the Plaintiff, a builder, "was to receive 'sweat equity' in the company." But alleged that "through fraud and coercion, divested him of his sweat equity in the Project and acquired almost all of the ownership in the partnership development. *Id., Hardisty,* at p. *2. Here, Plaintiff's allegations are upside down and backwards failing to state a securities claim, just as in Hardisty. Plaintiff's allegations show that he did not, as a matter of law, expect profits solely from the efforts of "others", the others being Assentato and TDE. Rather, Plaintiff alone had control, and his efforts were the basis for his expectation of profits. It was Plaintiff's own 'sweat equity' from which Plaintiff hoped to earn a profit, leveraging the purchase money loan from Assentato and the unsecured loan, also from Assentato, for development efforts, made to Atlas LLC, over Plaintiff's signature for Atlas LLC.

3. NO SECURITY WAS ISSUED NOR SOLD TO PLAINTIFF.

To be regulated under the Securities Act, the interest must pass the definition, and then Plaintiff must have "bought", paid money, for it. Here, this secured purchase money loan for the land taken by Atlas LLC, it making the promissory note as promissor to Assentato. Atlas LLC bought the land with a purchase obligation to Assentato, securing that loan with a deed of trust. (Plaintiff Clinton Brown named himself as the trustee of the deed of trust). And Atlas LLC, by

Plaintiff, granted the deed of trust for the benefit of lender and beneficiary, Assentato. Plaintiff himself bought no property, bought no security, bought no interest in a security, bought no investment contract, bought nothing. Defendants neither issued nor offered a defined security. There simply is no regulated security issued by defendants, whether to Plaintiff or to Atlas LLC. Atlas LLC only is the borrower of purchase money for land and operating money from Assentato.

Plaintiff has not distinguished these controlling authorities, brough forward from the motion's memo of points:

Neither a short-term Note secured by small business assets is a subject security, nor is an unsecured loan made to the small business, by definition, under the Securities Act. *Reves v. Ernst Young,* 494 U.S. 56, 65, 110 S. Ct. 945 (1990) ("[T]ypes of notes that are not "securities" include . . . the short-term note secured by a lien on a small business or some of its assets, . . . "; "We agree that the items identified by the Second Circuit are not properly viewed as "securities" "). Moreover, "[a] note given to a lender in the course of a commercial financing transaction is not a security." *Amfac Mortgage Corp. v. Arizona Mall of Tempe, Inc.*, 583, F.2d 426, 434 (9th Cir. 1978).

Nor has Plaintiff distinguished the controlling authorities that no constitutional standing for him exists on this claim in district court. Again, from the motion's memo of points & authorities, and to which Plaintiff has no response:

"[T]he irreducible constitutional minimum of standing contains three elements.
First, the plaintiff must have suffered an "injury in fact" — an invasion of a legally-protected interest which is (a) concrete and particularized, . . . ; and (b) "actual or imminent, not `conjectural' or `hypothetical,'" . . . . Second, there must be a causal connection between the injury and the conduct complained of — the injury has to be "fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court." . . . . Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

*Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130 (1992) (internal citations omitted). Here, the "first test" is not met, so the second and third are not even reached. Nor would the second or third be met here, had the first been met.

Thus, Plaintiff has no standing, no injury, no claim, no and no basis for personal jurisdiction on this matter exists in this court, so subject matter jurisdiction does not exist.

4. NO SECURITIES LAW VIOLATION IS PLEADED.

Again, Plaintiff does not distinguish controlling authorities regarding the pleading standard, as brought forward here from the motion's points:

> "Nor has Plaintiff justified his complaint under the high pleading standards required for this case. Again, from the motion: "The court is 'not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint.' " *Scripsamerica, Inc. v. Ironridge Global LLC*, 56 F. Supp. 3d 1121, 1136 (C.D. Cal. 2014) (quoting *Steckman v. Hart Brewing Inc.,* 143 F.3d 1293, 1295 (9th Cir. 1998).

> The pleading standards for securities law violations is high under Rule 12 and under the dual requirements of Rule 9, and the Private Securities Litigation Reform Act ("PSLRA") 15 U.S.C. § 78u-4. *Scripsamerica, supra,* at p. 1157 (citing *In re Verifone Holdings, Inc., Sec. Litig.,* 704 F.3d 694, 701 (9th Cir. 2012). "Rule 9(b) "provides that the 'circumstances constituting fraud or mistake shall be stated with particularity.' " " *Scripsamerica, supra,* at p. 1157.

> "Plaintiff must plead 'with particularity' the time and place of the fraud, the statements made and by whom made, an explanation of why or how such statements are false or misleading when made, and the role of each defendant in the alleged fraud. *In re GlenFed, Inc., Securities Litigation,* 42 F.3d 1541, 1547-49 (9th Cir. 1994) (en banc). "Generally, a plaintiff must plead the "time, place, and specific content" of allegedly fraudulent conduct to satisfy Rule 9(b)." *Swartz v. KPMG LLP,* 476 F.3d 756, 764 (9th Cir. 2007). Plaintiff fails to so allege.

Again, from the motion's points, ignored by Plaintiff:

"In 1995, Congress passed the PSLRA, which amended the Securities Exchange Act of 1934. The PSLRA modified Rule 9(b)'s particularity requirement, "providing that a securities fraud complaint [must] identify: (1) each statement alleged to have been misleading; (2) the reason or reasons why the statement is misleading; and (3) all facts on which that belief is formed." 15 U.S.C. § 78u–4(b)(1); see *In re Silicon Graphics Inc. Sec. Litig.,* 183 F.3d 970, 996 (9th Cir.1999). The statute requires that, in pleading that each allegedly misleading statement or omission was made with scienter, the plaintiff "state with particularity ... facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u–4(b)(2). If the complaint does not contain such allegations, it must be dismissed. 15 U.S.C. § 78u–4(b)(3)(A)."

*Scripsamerica, supra*, pp. 1157-1158.

Simply, Plaintiff's vague generalities and conclusory statements do not suffice. Dismissal under Rule 12(b)(6) and Rule 9(b) are appropriate, under controlling authorities

5. CONCLUSION.

Dismissal is proper, whether for lack of constitutional standing, or for failure to plead a claim under Rule 12(b)(6) and Rule 9. If subject matter jurisdiction does not exist, then the case must be dismissed without leave to amend.

Date: July 24, 2023          Respectfully Submitted,

/s/ Fred Hickman

Fred Hickman
fredhickman@gmail.com
for: Defendants Emil Assentato
and Tax Deed Enterprises, LLC,
a Delaware limited liability company