Fred Hickman (Cal. SBN124406)
17602 17th St Ste 102-206
Tustin CA 92780
714-315-1565; fax 714-838-0835
email fredhickman@gmail.com

Attorney for: Defendants:
Steve Weera Tonasut, Emil Assentato
and Tax Deed Enterprises, LLC,
a Delaware limited liability company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CLINTON BROWN,<br><br>PLAINTIFF,<br><br>VS.<br><br>EMIL ASSENTATO, TAX DEED ENTERPRISES LLC, STEVE WEERA TONASUT TRUST,<br><br>DEFENDANTS. | Case No.:LACV23-02972-MEMF(KSx)<br><br>REPLY TO OPPOSITION TO MOTION TO DISMISS BY DEFENDANT TONASUT<br><br>DATE: AUGUST 24, 2023<br>TIME: 10:00 A.M.<br>CTRM: 8B |

Plaintiff fails to show that his complaint meets the pleading standards required to state a claim for a federal securities law violation. Nor do the allegations show a basis for federal jurisdiction to exist. (Procedurally, the opposition was filed two months after the Motion to Dismiss, so it need not be considered, in the Court's discretion. *C.D. Cal. L.R.* 7-12).

1. NO STANDING EXISTS, AND NO CLAIM IS STATED.

Plaintiff's opposition to justify the sufficiency of allegations merely sets the same forth a quote of the same on pages 2-3 of his Opposition, Doc. 30, filed 07/23/23. To call these allegations scanty is generous. They do not pass muster.

Plaintiff makes no attempt to show that the statutes and case law on a federal securities claim are satisfied, making no arguments except bald assertions, and conclusions, merely making string cites without application. No support to Plaintiff arises from his string citations. Nor did he attempt to distinguish a single one of the controlling authorities cited by the motion.. Furthermore, Plaintiff does not propose to make any additional allegations if he is allowed to amend that would suffice to satisfy the heightened pleading standard applicable here.

Altogether, Plaintiff's position is upside-down and backwards. The allegations and judicial notice facts show that no security was issued to him, and no investment contract was offered to him, nor purchased by him. His allegations and judicial notice documents show: Plaintiff issued to Tonasut a promissory note by The Atlas LLC and himself to document a purchase money loan taken from defendant Tonasut to buy the real property security, secured by a deed of trust issued by The Atlas LLC. This is not a regulated security, nor anything that defendant Tonasut "sold" to Plaintiff. Nor is defendant Tonasut's purchase from Atlas LLC a 15% undivided interest in the security property bought with Tonasut's purchase money loan.

Rather, all shows that he is the member-manager with control over The Atlas LLC with his 50% interest in it, and that he controls its operations, books, records, and finances. Though he complains the LLC is "undercapitalized", that carries no weight. Rather, his position is that "not enough money" was put in by defendant Tonasut, who was never a member of Atlas LLC, and not enough money put in by the two other defendants, Assentato and Tax Deed Enterprises. The only members of the Atlas LLC have always been Plaintiff, Assentato and Tax Deed Enterprises, and never defendant Tonasut, who was never a member and sold or bought any interest in Atlas LLC.

Plaintiff did not "buy" nor invest in an investment contract or a security issued or sold by from defendant Tonasut, because defendant Tonasut never offered nor sold any security or investment contract to Plaintiff. Plaintiff's "sweat equity" in Atlas LLC, his skill and efforts supposedly, is what he invested with the other two members, Assentato and Tax Deed Enterprises. And Atla LLC was subject to Plaintiff's his own determination and control—not that of the defendant Tonasut. If anything, Plaintiff issued a "security", if one exists here,

hypothetically, with defendant Tonasut being a mere lender with a security interest in the Atlas LLC real property, with Tonasut later having bought a 15% undivided interest in the real property his purchase money loan financed for Atlas LLC.

Here, the allegations and judicial notice show the opposite of what Plaintiff maintains is a securities law violation.  If anything, it is Plaintiff alone who "issued" a security or investment contract to defendant Tonasut, a mere secured lender. Plaintiff's allegations show that he did not depend on defendant Tonasut to achieve a commercially viable operation, as Plaintiff was using his own business skill and acumen and sweat equity, his labors, as he alleges, for potential profit of his Atlas LLC. The defendant Tonasut merely made a purchase money loan for the real property bought by Atlas LLC and secured by it for the loan made to buy the real property. If federal securities law applies, and if it was violated, it is Plaintiff that violated the law by issuing the promissory note for the money lent by defendant Tonasut.

2. PLAINTIFF ESTABLISHED THE ATLAS LLC IN HIS OWN CONTROL AS MEMBER-MANAGER OWNING 50%, EXPECTING ONLY TO OBTAIN PROFIT BASED ON HIS OWN "SWEAT EQUITY", SHOWING THAT NO FEDERAL SECURITIES LAW VIOLATION EXISTS.

Plaintiff's control of the business of the LLC, as member-manager, with control of books and records and accounts and activities, means that his interest in the LLC is not an investment contract and so not subject to federal securities laws.  *Ave. Capital Mgmt. II, L.P. v. Schaden,* 843 F.3d 876, 884 (10th Cir. 2016) (upheld a motion to dismiss a federal securities claim over an LLC interest because of "control . . . preventing characterization of the (LLC)  investments as investment contracts."). Furthermore, defendant Tonasut was not a member of the LLC and did not sell to Plaintiff an ownership interest in the LLC, never having an interest to sell in it, and no allegation claims that defendant Tonasut did.

Plaintiff's 'sweat equity' involvement also defeats the claim. *Hardisty v. Moore* (USDC SD Cal., 10/9/2012, Battaglia, Anthony J., Dist. Judge, Case No.: 11cv1591 AJB (BLM), p. *7. Plaintiff's allegations fail the prong that his 'investment' is "based on an expectation of profits to be derived solely from the efforts of individuals other than the investor." *Id., Hardisty,* p. *7*, (citing *Deutsch Energy Co. v. Mazur*, 813 F.2d. 1567,  1568  (9th Cir. 1987). In Hardisty, the

Plaintiff, a builder, "was to receive 'sweat equity' in the company." In that case, Plaintiff alleged that defendant "through fraud and coercion, divested him of his sweat equity in the Project and acquired almost all of the ownership in the partnership development. *Id., Hardisty,* at p. *2. Here, Plaintiff's allegations are upside down and backwards, failing to state a securities claim, just as in the *Hardisty*. Plaintiff's allegations show that he did not, as a matter of law, expect profits solely from the efforts of "others", the others here being defendant Tonasut. Rather, Plaintiff alone had control, and his efforts were the basis for his expectation of profits. It was Plaintiff's own 'sweat equity' from which Plaintiff hoped to earn a profit. But even if it were not so, defendant Tonasut did not offer, issue, or sell a regulated security, being a secured lender only.

3. NO SECURITY WAS ISSUED NOR SOLD TO PLAINTIFF.

To be regulated under the Securities Act, the interest must meet the definition, and then Plaintiff must have "bought", paid money, for it. Here, in this secured purchase money loan for the land bought by Atlas LLC, it and Plaintiff were the ones making, or issuing, the promissory note as promissor to defendant Tonasut. (Plaintiff Clinton Brown named himself as the trustee of the deed of trust). And Atlas LLC, by Plaintiff's own signature, granted the deed of trust for the benefit of lender and beneficiary, defendant Tonasut. Plaintiff himself bought no property, bought no security, bought no interest in a security, bought no investment contract, bought nothing that is a security nor investment contract, from defendant Tonasut. Defendant neither issued nor offered a security, let alone a defined and regulated security. There simply is no regulated security issued by defendant Tonasut to serve as the basis for a claim by Plaintiff.

And Plaintiff's opposition ignores the motion's cited authorities. He has not discussed nor attempted to distinguished these controlling authorities. Here, these are brought forward from the motion's memo of points, for ease of reference, quotations from the points and authorities supporting defendant Tonasut's motion:

> "Neither a short-term Note secured by small business assets is a subject security, nor is an unsecured loan made to the small business, by definition, under the Securities Act. *Reves v. Ernst Young,* 494 U.S. 56, 65, 110 S. Ct. 945 (1990) ("[T]ypes of notes that are not "securities" include . . . the short-term note secured by a lien on a small business or some

of its assets, . . . "; "We agree that the items identified by the Second Circuit are not properly viewed as "securities" "). Moreover, "[a] note given to a lender in the course of a commercial financing transaction is not a security." *Amfac Mortgage Corp. v. Arizona Mall of Tempe, Inc*., 583, F.2d 426, 434 (9th Cir. 1978).

Nor has Plaintiff distinguished the controlling authorities that no constitutional standing for him exists on this claim in district court. Again, from the motion's memo of points & authorities, and to which Plaintiff has no response:

"[T]he irreducible constitutional minimum of standing contains three elements. First, the plaintiff must have suffered an "injury in fact" — an invasion of a legally-protected interest which is (a) concrete and particularized, . . . ; and (b) "actual or imminent, not `conjectural' or `hypothetical,'" . . . . Second, there must be a causal connection between the injury and the conduct complained of — the injury has to be "fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court." . . . . Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

*Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130 (1992) (internal citations omitted). Here, the "first test" is not met, so the second and third are not even reached. Nor would the second or third be met here, had the first been met.

Thus, Plaintiff has no standing, no injury, no claim, no and no basis for personal jurisdiction on this matter exists in this court, so subject matter jurisdiction does not exist.

4. NO SECURITIES LAW VIOLATION IS PLEADED.

Again, Plaintiff does not distinguish controlling authorities regarding the pleading standard, as brought forward here from the motion's points, for ease of reference:

"Nor has Plaintiff justified his complaint under the high pleading standards required for this case. Again, from the motion: "The court is 'not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint.' " *Scripsamerica, Inc. v. Ironridge Global LLC*, 56 F. Supp. 3d 1121, 1136

(C.D. Cal. 2014) (quoting *Steckman v. Hart Brewing Inc.,* 143 F.3d 1293, 1295 (9th Cir. 1998).

"The pleading standards for securities law violations is high under Rule 12 and under the dual requirements of Rule 9, and the Private Securities Litigation Reform Act ("PSLRA") 15 U.S.C. § 78u-4. *Scripsamerica, supra,* at p. 1157 (citing *In re Verifone Holdings, Inc., Sec. Litig.,* 704 F.3d 694, 701 (9th Cir. 2012). "Rule 9(b) "provides that the 'circumstances constituting fraud or mistake shall be stated with particularity.' " " *Scripsamerica, supra,* at p. 1157.

"Plaintiff must plead 'with particularity' the time and place of the fraud, the statements made and by whom made, an explanation of why or how such statements are false or misleading when made, and the role of each defendant in the alleged fraud. *In re GlenFed, Inc., Securities Litigation,* 42 F.3d 1541, 1547-49 (9th Cir. 1994) (en banc). "Generally, a plaintiff must plead the "time, place, and specific content" of allegedly fraudulent conduct to satisfy Rule 9(b)." *Swartz v. KPMG LLP,* 476 F.3d 756, 764 (9th Cir. 2007). Plaintiff fails to so allege.

     Again, from the motion's points, ignored by Plaintiff, and for ease of reference: "In 1995, Congress passed the PSLRA, which amended the Securities Exchange Act of 1934. The PSLRA modified Rule 9(b)'s particularity requirement, "providing that a securities fraud complaint [must] identify: (1) each statement alleged to have been misleading; (2) the reason or reasons why the statement is misleading; and (3) all facts on which that belief is formed." 15 U.S.C. § 78u–4(b)(1); see *In re Silicon Graphics Inc. Sec. Litig.,* 183 F.3d 970, 996 (9th Cir.1999). The statute requires that, in pleading that each allegedly misleading statement or omission was made with scienter, the plaintiff "state with particularity ... facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u–4(b)(2). If the complaint does not contain such allegations, it must be dismissed.  15 U.S.C. § 78u–4(b)(3)(A)." *Scripsamerica, supra*, pp. 1157-1158.

1  Simply, Plaintiff's vague generalities and conclusory statements do not suffice. Dismissal
2  under Rule 12(b)(6) and Rule 9(b) are appropriate, under controlling authorities.

3  5. CONCLUSION.

4  Dismissal is proper, whether for lack of constitutional standing, or for failure to plead a
5  claim under Rule 12(b)(6) and Rule 9, and under the heightened pleading requirements for an
6  alleged securities law violation. No reason exists to believe that Plaintiff can amend the
7  complaint to state a proper claim. Finally, if the court determines that subject matter jurisdiction
8  does not exist, then the case ought to be dismissed without leave to amend.

Date: July 24, 2023            Respectfully Submitted,

/s/ Fred Hickman
Fred Hickman
fredhickman@gmail.com
for: Defendant Steve Weera Tonasut