Fred Hickman (#124406)
fredhickman@gmail.com
17602 17th St Ste 102-206
Tustin CA 92780
714-315-1565; fax 714-838-0835

Attorney for: Defendants
Steve Weera Tonasut, as Trustee of the
Tonasut Family Trust dated June 14, 2004,
for and in place of the erroneously named
Defendant "Steve Weera Tonasut Trust";
Emil Assentato; and, Tax Deed Enterprises,
LLC, a Delaware limited liability company.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CLINTON BROWN,<br><br>                    PLAINTIFF,<br><br>VS.<br><br>EMIL ASSENTATO, TAX DEED ENTERPRISES LLC, STEVE WEERA TONASUT TRUST,<br><br>                    DEFENDANTS. | Case No.:LACV23-02972-MEMF(KSx)<br><br>DEFENDANTS' JOINT MEMORANDUM OF POINTS & AUTHORIES IN SUPPORT OF JOINT MOTION BY ALL DEFENDANTS TO DISMISS UNDER RULE 12(B)(6) AND RULE 9(B) PLAINTIFF'S FIRST AMENDED COMPLAINT, DOC. 40, FILED 01/03/2024<br><br>DATE: February 29, 2024<br>TIME: 10:00 a.m.<br>CTRM: 8B |

The "Amended Complaint" (ECF #40) fails to properly alleged any claim, and should be dismissed.

## 1. SUMMARY OF ALLEGATIONS, ADMISSIONS, AND JUDICIAL NOTICE.

Plaintiff and Tax Deed Enterprises, LLC ("TDE") entered a purchase agreement for land, dated June 25, 2020. (First "Amended Complaint" ("FAC"), Doc. 40, filed 01/03/2024, ¶24 (reference to "¶" will mean that paragraph of the FAC). Text communications between Defendant Emil Assentato ("Assentato") and Plaintiff occurred between June 23 and June 25, 2020, pertaining only to transmission and signature of the proposed purchase contract, but nothing else. ¶25.

On October 22, 2020, Plaintiff, Assentato and TDE signed an operating agreement for a limited liability company, "The Atlas LLC", pertaining to land that would be owned by the entity, which Plaintiff alleges as a "partnership". ¶ 28. Plaintiff is the "managing member" of The Atlas LLC. (Judicial Admission, Plaintiff's Complaint in this action, Doc. 2, filed 05/23/23, p. 2:24 ("Complaint, Doc. 2")). Plaintiff alleges that he was "solely responsible for the development and resale of the solar facility in the common enterprise." ¶¶ 29 & 43.

Plaintiff alleges that under the operating agreement, he is "responsible for all substantive work related to the development of a solar farm project." And, Assentato, on an unspecified date, "agreed to provide financial backing and consultation services" ¶29 lines 1-3. But the time period and facts of Assentato's representation is not alleged. In a text image from a person not identified to "Clinton" with a legend date of Jan. 9, 2022, the investment made by someone other than Plaintiff is in it represented to be at certain amounts, and declination by this unidentified person to invest more. ¶29 second half, image cut and paste).

Plaintiff alleges to have himself "purchased" the real propter (Property) from TDE, on Dec. 18, 2020, an entity controlled by Defendant Assentato. ¶30. However, "The Atlas LLC" purchased the Property, as shown by his incorporated exhibit to the First Amended Complaint, filed as Document 40-1, filed 01/03/24 in this case ("FAC"), shows to the contrary, a Grant Deed from grantor TDE to grantee "THE ATLAS LLC, A CALIFORNIA LIMITED LIABILITY COMPANY", dated Nov. 12, 2020, recorded 12/18/2020. (FAC Exhibit, Doc 40-1, pp 47-50).

For the 12/18/2020 purchase by The Atlas LLC from TDE, Plaintiff alleges that he paid "$10,000" into escrow. Defendant Steven Weera Tonasut, as Trustee of the Tonasut Family Trust dated June 14,

2004 ("Tonasut") lent purchase money and received from The Atlas LLC as lender/beneficiary a deed of trust recorded 12/18/2020 to secure the debt of $179,000.  Also, Assentato received a recorded 12/18/2020 second priority deed of trust on from The Atlas LLC, for purchase money debt of $110,000. (Respectively, Tonasut Deed of Trust, FAC Exh. 1, Doc. 40-1 filed 01/03/24, pp 26-46; TDE Deed of Trust, at Doc. 40-1 pp 11-24).

Plaintiff alleges that he was "solely responsible" for paying the deeds of trust.  ¶34. However, the deeds of trust reflect NOT SO, that the trustor/borrower was "The Atlas LLC". (FAC Exh. 1, Doc. 40-1, p. 15 (page 1, Deed of Trust, "Borrower" "THE ATLAS LLC" and "Lender" as Assentato); Doc. 40-1 p. 28 and p. 46, respectively as page 1, Deed of Trust, "Borrower" is "THE ATLAS LLC", and its p. 18, "Lender Vesting" "Steve Weera Tonasut, Trustee . . . .").

Later, date unspecified, but after The Atlas LLC had bought the Property with Tonasut's loan, Tonasut communicated in writing to Plaintiff with an introduction of himself, mentioning that he would have been interested in buying the Property had it not been under contract. In that first communication, Tonasut wrote to Plaintiff: "If you prefer to have me in as a partner to develop this piece of property please let me know or any decision you will make regarding to this property please let me know as well." ¶35.

Plaintiff says Defendants were "part of a larger scheme to gain control over the Property". ¶36. Plaintiff "procured financing". ¶37. But the allegation is naked, vague, conclusory devoid of facts.

Sometime in 2021, Assentato lent $250,000 "for the solar facility application studies to the Plaintiff". "Plaintiff is solely responsible for paying back the loan with interest." ¶¶ 44 & 45. However, the "Loan Agreement" for $250,000 line of credit was not with Plaintiff, but between "The Atlas LLC ("Borrower") and Assentato as lender, due "in full on Dec. 31, 2021". (Request for Judicial Notice, dated 1/17/2024, No. 1, Exh. 1, Loan Agreement, dated February 2, 2021 ("RJN").

On October 12, 2021, the County of Los Angeles denied "the solar facility permit" application, "for which no redress was available", so Plaintiff sued the County for a "Fifth Amendment Taking" in his personal capacity. (¶38; and, Judicial Admission, Complaint, Doc. 2, p. 3:17-20;.

After County rejected change of use, keep permanent open space but for the three acres already commercial, Plaintiff allegedly "relied" on Tonasut's "assurance of additional funding to complete the

project." ¶39. On Jan. 11, 2022, Tonasut emailed to Plaintiff about a proposal to 'inject' new money "to pay off the 2nd TD for you in exchange of 15% ownership of the land . . . . "I will set aside additional fund for you to finish the project. Please let me know." (¶40 2nd half image of email). Next, in Jan. 2022, recorded February 1, 2022, Plaintiff caused The Atlas LLC to sell a 15% undivided interest in the Property to Tonasut. (¶ 40 lines 1-3 and FAC Exh 1, Doc. 40-1, pp. 5-10, Grant Deed dated Jan. 28, 2022, The Atlas LLC grantor to Tonasut as grantee "15% Grant Deed to Tonasut").

November 11, 2022, Tonasut proposed The Atlas LLC make a partial deed in lieu of foreclosure for Tonasut to receive 70% of the Property upping his ownership from 15% to 85%, with proposed remainder in The Atlas LLC at 15%. ¶41. This did not occur for Tonasut initiated foreclosure in December 2023 under the Deed of Trust by Notice of Default. (FAC Exh 1, Doc. 40-1, pp 1-4).

Payments on the first trust deed were made until 2022. ¶¶ 46 & 47. Plaintiff alleges that Assentato "[o]n or around the same time" "denied financial backing". Also that "an agreement was reached to postpone the monthly interest payment in exchange of 15% ownership to the Property that would be transferred to Weera." (i.e. Tonasut). ¶48. However, Tonasut paid $100,000 purchase of 15% undivided interest in the Property on February 1, 2022, receiving the grant deed from The Atlas LLC as grantor. (Judicial Admission, Complaint, p 3:14-17; Plaintiff's exhibit to FAC, Doc. 40-1 pp 5-10 (Tonasut 15% Grant Deed")).

Plaintiff alleges an "investment contract" "sold to him" was "not properly registered, and "sold" under misrepresented conditions and promises" on which he "relied". ¶¶ 49-52. These are conclusory allegations bereft of facts.

Plaintiff alleges that "Brown, Assentato, TDE and Weera all purchased interest in the Agoura Property, intending to build a solar farm." ¶62. However, Plaintiff Brown did not buy the Property, but The Atlas LLC, with purchase money loans from Tonasut and Assentato, and later, Tonasut purchasing 15% from The Atlas LLC. (Exhibit to FAC, Document 40-1,  filed 01/03/24, pp 47-50, Grant Deed from TDE to "THE ATLAS LLC"; Judicial Admission, Complaint, p 3:14-17 (first priority deed of trust to Tonasut and second priority deed of trust to Assentato, by The Atlas LLC borrower/trustor).

/ / /

Plaintiff alleges that he, "is entitled to a claim of rescission under Section 5 to restore full ownership to the Plaintiff . . . ." ¶86. But Plaintiff never owned the Property, as The Atlas LLC was the purchaser of the encumbered property, along with Tonasut who later paid $100,000 for a 15% interest.

## 2. RULE 9 AND PSLRA STANDARDS ARE NOT MET, FAILING TO STATE A CLAIM.

Securities fraud pleading faces a high bar of detail and scienter, under Rule 9(b) and the Private Securities Litigation Reform Act ("PSLRA") 15 U.S.C. § 78u-4. A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And, "[t]he court is 'not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint.' " *Scripsamerica, Inc. v. Ironridge Global LLC*, 56 F. Supp. 3d 1121, 1136 (C.D. Cal. 2014) (quoting *Steckman v. Hart Brewing Inc.*, 143 F.3d 1293, 1295 (9th Cir. 1998)). The Rule 9(b) test from this Court's Order, Doc. 38, filed 12/06/23, p. 13:18-25: that an allegation of "fraud or mistake must state with particularity the circumstances constituting fraud." "Specifically, the "circumstances" required by Rule 9(b) are the "who, what, when, where, and how" of the fraudulent activity. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003); *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993) ("[Rule 9(b) requires] "the times, dates, places, benefits received and other details of the alleged fraudulent activity."). Additionally, the allegation "must set forth what is false or misleading about a statement, and why it is false." *Vess*, at p. 1106.

And, Plaintiff must plead 'with particularity' the time and place of the fraud, the statements made and by whom made, an explanation of why or how such statements are false or misleading when made, and the role of each defendant in the alleged fraud. *In re GlenFed, Inc., Securities Lit.*, 42 F.3d 1541, 1547-49 (9th Cir. 1994) (*en banc*). "Generally, a plaintiff must plead the "time, place, and specific content" of allegedly fraudulent conduct to satisfy Rule 9(b)." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 ( 9th Cir. 2007).

Stricter is the PSLRA on securities, creating an even higher pleading standard for Rule 9(b). "Thus, a securities fraud claim cannot survive a motion to dismiss merely by alleging that certain statements were false." *Metzler Inv. GMBH v. Corinthian Colleges, Inc*., 540 F.3d 1049, 1070 (9th Cir.2008) ("A litany of alleged false statements, unaccompanied by the pleading of specific facts indicating why those statements were false, does not meet the Rule 9(b) standard"); *In re Oracle Corp. Securities Lit.*, 627

F.3d 376, 390 (9th Cir.2010) ("Plaintiffs must 'demonstrate that a particular statement, when read in light of all the information then available to the market, or a failure to disclose particular information, conveyed a false or misleading impression,' ". The complaint must allege "why the disputed statement was untrue or misleading when made." *In re GlenFed,* 42 F.3d at 1549. The PSLRA modified Rule 9(b)'s particularity requirement, "providing that a securities fraud complaint [must] identify: (1) each statement alleged to have been misleading; (2) the reason or reasons why the statement is misleading; and (3) all facts on which that belief is formed." 15 U.S.C. § 78u–4(b)(1). The statute requires pleading that each allegedly misleading statement or omission was made with scienter, the plaintiff "state with particularity ... facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u–4(b)(2). If the complaint does not contain such allegations, it must be dismissed.  15 U.S.C. § 78u–4(b)(3)(A)." *Scripsamerica, 56 F. Supp.3d* at 1157-1158.

As set forth in this Court's Order, filed 12/6/2023, Doc. 38, p. 16:23 – p. 17:1 and p. 19:11-28, generally: In a Section 78j(b) claim, violation of Rule 10b-5, the elements are: (1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or omissions and the purchase or sale of a security; (54) reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss causation. *Janus Cap. Grp., Inc. v. First Derivative Traders*, 564 U.S. 135, 141 (2011).  These pleaded elements must satisfy both Rule 9(b) and that of the PSLRA. *In re Verifone Holdings, Inc. Sec. Litig*., 704 F.3d 694, 701 (9th Cir. 2012). Rule 9(b) requires specification "with particularity the time, place, and manner of each act of fraud, plus the roles of each defendant in each scheme." *Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist*., 940 F.2d 397, 405 (9th Cir. 1991). The PSLRA requires that the complaint must "specify each statement alleged to have been misleading, and the reason or reasons why the statement is misleading," and must "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." *In re Verifon*e, 704 F.3d at 701 (citing 15 U.S.C. § 78u-4(b)(1)(B)). And at the Order, Doc. 38,  footnote 9 on p. 19: "Scienter" itself means "a wrongful state of mind." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 341 (2005). It is an "intention to deceive, manipulate, or defraud." *Tellabs, Inc., v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 313 (2007).

/ / /

**A. *TONASUT: FAC Allegations Fail.***

Plaintiff alleges the first communication from Tonasut to have been AFTER Tonasut's purchase money loan and Deed of Trust of Dec. 2020: this being an image of a handwritten note that introduced Tonasut as lender to The Atlas LLC and inquiring about Brown's intentions. (¶35).

Next, on Oct. 12, 2021, the County of Los Angeles denied "the solar facility permit" application, rejecting the Property change of use from open space, and then Plaintiff sued the County. (¶38).

Thereafter,  in Jan. 2022, Plaintiff allegedly "relied" on Tonasut's "assurance of additional funding to complete the project." (FAC ¶ 39). On Jan. 11, 2022, Tonasut emailed to Plaintiff and inquired with a proposal to 'inject' new money "to pay off the 2nd TD for you in exchange of 15% ownership of the land . . . ." I will set aside additional fund for you to finish the project. Please let me know." (¶40). (That second would be Assentato's second deed of trust). Tonasut bought 15% from The Atlas LLC as tenant in common on February 1, 2022 for $100,000. (¶40 lines 1-3 and FAC Exh 1, Doc. 40-1, pp. 5-10, Grant Deed; Judicial Admission, Complaint, Doc. 2, p 3:14-17). In Nov. 2022, Tonasut suggested that a deed in lieu of foreclosure be made by The Atlas LLC on its defaulted loan obligation to him on the first trust deed for another 70% of the Property. (¶41). No deed in lieu was made.

These are the entirety of allegations against Tonasut. They do not pass muster. Rule 9(b)'s "particularity" for "circumstances constituting fraud", 'what, when, where, how" and "why it is false" and the "role" in the scheme: none here against Tonasut. Further, The PSLRA modified and heightened Rule 9(b)'s particularity requirement, "providing that a securities fraud complaint [must] identify: (1) each statement alleged to have been misleading; (2) the reason or reasons why the statement is misleading; and (3) all facts on which that belief is formed." 15 U.S.C. § 78u–4(b)(1); *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 996 (9th Cir.1999). The statute requires that, in pleading that each allegedly misleading statement or omission was made with scienter, the plaintiff "state with particularity ... facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u–4(b)(2). If the complaint does not contain such allegations, it must be dismissed.  15 U.S.C. § 78u–4(b)(3)(A).

Tonasut's first communication was after his initial purchase money loan, merely introducing himself and inquiring about Plaintiff's intentions. Later, Tonasut communicated that he would have been

interested in buying the Property before The Atlas LLC did if he had known about it; and that Tonasut would thereafter be interested in partnering to help develop the property. (¶35).

Then, months after the County conclusively denied the Property land use change killing the solar project in Oct. 2021, not until Jan. 2022 did Tonasut inquire to buy 15% of the land itself, and propose, without specifics or timing, to hold extra funds for "the project".  A project which he did not know and Plaintiff did not tell him was dead and gone, killed conclusively by the County in Oct. 2021, for which Plaintiff then sued personally for a "Fifth Amendment Taking".

These allegations and judicial admissions show that Tonasut made no false representations, no reliance on them occurred. No facts of scienter, 'giving rise to a strong inference' about defendant's "required" illicit state of mind. And legal conclusions couched in allegations devoid of facts are disregarded. As FAC does not contain such allegations, it must be dismissed.  15 U.S.C. § 78u–4(b)(3)(A).

### B.  *ASSENTATO/TDE: FAC Allegations Fail.*

Plaintiff  alleges text communications with Assentato  between June 23 to June 25, 2020, pertaining to purchase of the Property from TDE. But these contain no representations. And Plaintiff did not buy the Property. But Plaintiff formed The Atlas LLC  as its managing member, with Assentato and TDE as ordinary members, signing the Operating Agreement on October 22, 2020. The Atlas LLC bought the Property from TDE. No misrepresentations are alleged here. Plaintiff alleges, as managing member of The Atlas LLC that, he is "responsible for all substantive work related to the development of a solar farm project.

Some time 2021, Assentato lent $250,000 to The Atlas LLC "for the solar facility application studies to the Plaintiff". In contrast to Plaintiff's allegation that he "is solely responsible for paying back the loan with interest" (¶¶ 44 & 45) is defied by the "Loan Agreement" dated February 2, 2021, for $250,000 line of credit loan, not with or owed by Plaintiff by its terms, but between only "The Atlas LLC" as "Borrower" and Assentato as lender. (RJN No. 1, Exh. 1).

On date unspecified, Assentato, "agreed to provide financial backing and consultation services"  ¶29 lines 1-3. But nothing more is alleged. Then, in a text image from unidentified person to "Clinton," legend date Jan. 9, 2022, the investment made by someone other than Plaintiff is said to be at certain

amounts, and declination to invest more. ¶29 (second half, image cut and paste). Some other time in 2022, Plaintiff alleges Emil Assentato "[o]n or around the same time" "denied financial backing". ¶48.

These are all the allegations against Assentato and TDE. The failure to allege sufficient facts against Assentato and TDE is glaring, and as or more bereft than against Tonasut. Rule 9(b)'s "particularity" for "circumstances constituting fraud", 'what, when, where, how" and "why it is false" and the "role" in the scheme are absent: none here against Assentato and TDE is not met. Further, The PSLRA modified and heightened Rule 9(b)'s particularity requirement, and especially as to facts or scienter in detail, is not met. No facts of scienter are alleged at all against TDE or Assentato. No misrepresentations against member Assentato that are pleaded as false nor causing reliance that causes any harm, and without any state of mind to commit fraud. Thus, under PSLRA, the suit must be dismissed.

### C.  *The Elements Are Not Pleaded For A Section 78j(b), Rule 10b-5 Claim.*

Here, as to all defendants, required elements fail to be pleaded particularly and specifically: (1) No material misrepresentation or omission; (2) no scienter; (3) no connection with the purchase or sale of a security; (4) no reliance (which must be actual and reasonable); (5) no economic loss;  and (6) no causation." Thus, dismissal is proper.

### 3.  NO FEDERAL "SECURITY,"  OR "INVESTMENT CONTRACT" EXISTS HERE.

The term "security" is not all inclusive, under 15 U.S.C. section 78c(a)(10), as not including every investment arrangement. *Marine Bank v. Weaver*, 455 U.S. 551, 102 S. Ct. 1220 (1982).

> "The broad statutory definition is preceded, however, by the statement that the terms mentioned are not to be considered securities if 'the context otherwise requires . . . .' Moreover, we are satisfied that Congress, in enacting the securities laws, did not intend to provide a broad federal remedy for all fraud."

*Id.*, 455 U.S. at 557 (citing *Great Western Bank Trust v. Kotz*, 532 F.3d 1252, 1253 (9th Cit. 1976).

There, the Weavers entered agreement with Piccirillos for Weavers to share profits in Columbus Packing plus a monthly payment, in exchange for guaranteeing with Weavers' bank certificate of deposit a bank loan to Columbus Packing, Weavers holding veto on its future borrowings, and use of barn and pasture at Piccirillos' discretion. *Id*. At 553. Weavers alleged an unlawful security under Rule 10b, claiming they had been misled as the precarious financial condition of Columbus Packing had not been

revealed to them. *Id*. at p. 554. The District Court held, 'no security', the Court of Appeal held, "an investment contract" as a security, and the Supreme Court reversed the Court of Appeal, holding:

> "[W]e hold that this unique agreement, negotiated one-on-one by the parties, is not a security. Whatever may be the consequences of these transaction, they did not occur in connection with the purchase or sale of 'securities.' ".

*Id. at* p. 561 (and fn. 10, re "*Kotz*" decision that held: "unsecured note, the terms of which were negotiated face-to-face, given to a bank in return for a business loan, is not a security"). Here, this is a unique one-on-one agreements between the parties, and not complex arrangements centered in The Atlas LLC that Plaintiff controlled as member-manager.

Here, Plaintiff used the money of others through The Atlas LLC for the "solar facility", alleging that his efforts were expected by the Defendants, the investors, to yield profits to Defendants from The Atlas LLC he ran as member-manager, it borrowing the purchase money for the Property, the Loan Agreement from Assentato to The Atlas LLC, and the Tonasut 15% Grant Deed Tonasut bought later. And Plaintiff Brown alone "controlled" everything involving The Atlas LLC and the project, as its Managing Member, as alleged. Plaintiff's grand plans were foiled, on this pleading, by the County's denial of a change of use for the dedicated open-space of land of the Property. Nothing alleged shows loss caused by too little investment of the money of any of the Defendants, or in connection with the loans or transfers between the party, whether called a security broadly, or an "investment contract" specifically.

Here, *Weaver* controls, and "the context otherwise requires" that this arrangement is not a security. Furthermore, not all "notes" are securities, nor here as "part of" an "investment contract". *Wright v. Schock*, 571 F. Supp. 642, 647 (N.D. Cal. 1983) states: "It has never been held, and the court does not understand plaintiffs to argue, that an ordinary loan secured by real estate is a security." Likewise: "A note given to a lender in the course of a commercial financing transaction is not a security." *Amfac Mortgage Corp. v. Arizona Mall of Tempe, Inc*., 583, F.2d 426, 434 (9th Cir. 1978). And a "run of the mill real estate secured transaction is not subject. *Futura Dev. Corp. v. Centex Corp.*, 371 F.2d 33, 42 (1st Cir. 1985) (dismissing federal securities claim for "lack of subject matter jurisdiction"). Here, the secured notes are not securities, the Atlas LLC as Plaintiff's controlled vehicle, the Loan Agreement, ,

the Property purchase, Tonasut's 15% Property purchase of the real estate, none alone or together are securities. These "arrangements" do not make a regulated "investment contract." Thus, "the context otherwise requires" that it be found on this pleading that no security exists, under the statute.

### 4. PLAINTIFF AS MANAGING MEMBER IN FULL CONTROL SHOWS NO CLAIM EXISTS, AS HE ADMITS THAT DEFENDANTS 'AS INVESTORS' LOOKED TO HIS EFFORTS ALONE FOR THEIR EXPECTATION OF PROFITS.

Plaintiff's control of the business, property and money of the LLC, as member-manager, with control of books, records, accounts, and operations means that neither the "arrangement" nor his LLC interest is an investment contract (a security). *Ave. Capital Mgmt. II, L.P. v. Schaden* 843 F.3d 876, 884 (10th Cir. 2016) upheld a motion to dismiss a federal securities claim over an LLC interest because of "control . . . preventing characterization of the (LLC) investments as investment contracts."). Here, allegations fail as he alleges no expectations of Defendants efforts but only that Defendants looked solely to Plaintiff for "expectation of profits derived from the efforts of individuals other than the investor." *Deutsch Energy Co. v. Mazur*, 813 F.2d. 1567, 1568 (9th Cir. 1987) (thus no security). So, his claim is not subject to federal securities laws.

### 5. CONCLUSION.

Thus, the FAC should be dismissed, no claims nor remedies lawfully pleaded nor proper. And no basis for a "receiver" exists on any potential claim, and the secured loans and the Tonasut 15% Grant Deed cannot be "rescinded" under this federal securities claim. And, finally, as no regulated security exists, this matter should be dismissed by the Court as lacking subject matter jurisdiction.

Date: Jan. 17, 2024.                              Respectfully Submitted,
                                                  /s/ Fred Hickman.
                                                  Fred Hickman, fredhickman@gmail.com
                                                  Attorney for all Defendants,
                                                  Tonasut, Assentato and Tax Deed Enterprises, LLC

PROOF OF SERVICE

All persons are deemed served under Local Rule 5-3.2.1 for documents filed electronically, as Plaintiff as pro se has been approved by order of this Court for ecf filing and service.

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Orange, State of California, and not a party to the above-entitled cause.

Executed on January 17, 2024, at Santa Ana, California.

I hereby certify that I am a member of the Bar of the United States District Court, Central District of California.

/s/ Fred Hickman

_____

Fred Hickman
fredhickman@gmail.com