Fred Hickman (#124406)
fredhickman@gmail.com
17602 17th St Ste 102-206
Tustin CA 92780
714-315-1565; fax 714-838-0835

Attorney for: Defendants
Steve Weera Tonasut, as Trustee of the
Tonasut Family Trust dated June 14, 2004,
for and in place of the erroneously named
Defendant "Steve Weera Tonasut Trust";
Emil Assentato; and, Tax Deed Enterprises,
LLC, a Delaware limited liability company.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| CLINTON BROWN,<br><br>              PLAINTIFF,<br><br>VS.<br><br>EMIL ASSENTATO, TAX DEED ENTERPRISES LLC, STEVE WEERA TONASUT TRUST,<br><br>              DEFENDANTS. | Case No.:LACV23-02972-MEMF(KSx)<br><br>REPLY JOINTLY BY DEFENDANTS' TO PLAINTIFF'S OPPOSITION (DOC. 43) TO  JOINT MOTION BY DEFENDANTS TO DISMISS UNDER RULE 12(B)(6) AND RULE 9(B) AS TO PLAINTIFF'S FIRST AMENDED COMPLAINT (DOC. 40) FILED 01/03/2024<br><br><br>DATE: JUNE 6, 2024<br>TIME: 10:00 a.m.<br>CTRM: 8B |

Plaintiff runs away from arguing that misrepresentations are alleged, as required under the PSLRA and Rule 9(b) to pass muster for this alleged federal security claim violation. He mistakenly assumes that the Court has already found for him--but it did not.[1] So he jumps over the pleading mandates for this claim of fraud. He would hope to bypass the mandatory factual and detailed pleading of falsehoods and *scienter* required to facially state this claim. Nor does he offer to allege more facts at all, let alone any to suffice. Rather, his problem, on the admission of this pleading, arises from Los Angeles County refusing a solar farm conversion of dedicated open space. That, rather, destroyed his hopes for profit through The Atlas LLC. Thus, not having pleaded a facially viable claim, dismissal of the First Amended Complaint is proper.

Further, Plaintiff patently misstates alleged facts that are rightly ignored, as shown by the pleadings and judicial notice. These are shown in the points & authorities in the pending motion to dismiss.[2]

---

[1] "To be clear, this is not a definitive judicial finding that any transaction constituted a security. It is only a finding that, at this stage, drawing all inferences in favor of Brown, Brown has pleaded sufficient facts that if proven true could support a finding that a security was sold." Order Granting Requests for Judicial Notice and Motions to Dismiss, Doc. 38, filed 12/06/23, p. 19, lines 5-8.

[2] Showing Brown's unsupportable misstatement of facts: The material below is drawn from the admissions in the First Amended Complaint and its Exhibit 1 and the Request for Judicial Notice pending herewith:

Brown's own pleading shows he did not "purchase" a 50% interest in the Property. Rather, "The Atlas LLC" purchased the Property, as shown by his incorporated exhibit to the First Amended Complaint, filed as Document 40-1, filed 01/03/24 in this case ("FAC"), shows to the contrary, a Grant Deed from grantor TDE to grantee "THE ATLAS LLC, A CALIFORNIA LIMITED LIABILITY COMPANY", dated Nov. 12, 2020, recorded 12/18/2020. (FAC Exhibit, Doc 40-1, pp 47-50).

For the 12/18/2020 purchase by The Atlas LLC from TDE, Plaintiff alleges that he paid "$10,000" into escrow. Defendant Steven Weera Tonasut, as Trustee of the Tonasut Family Trust dated June 14, 2004 ("Tonasut") lent purchase money and received from The Atlas LLC as lender/beneficiary a deed of trust recorded 12/18/2020 to secure the debt of $179,000. Also, Assentato received a recorded 12/18/2020 second priority deed of trust on from The Atlas LLC, for purchase money debt of $110,000. (Respectively, Tonasut Deed of Trust, FAC Exh. 1, Doc. 40-1 filed 01/03/24, pp 26-46; TDE Deed of Trust, at Doc. 40-1 pp 11-24).

Plaintiff says that he was "solely responsible" for paying the deeds of trust. ¶34. However, the deeds of trust reflect NOT SO, that the trustor/borrower was "The Atlas LLC". (FAC Exh. 1, Doc. 40-1, p. 15 (page 1, Deed of Trust, "Borrower" "THE ATLAS LLC" and "Lender" as Assentato); Doc. 40-1 p. 28 and p. 46, respectively as page 1, Deed of Trust, "Borrower" is "THE ATLAS LLC", and its p. 18, "Lender Vesting" "Steve Weera Tonasut, Trustee . . . .").

And Brown did not "owe" the $250,000 as lent to "The Atlas LLC" and not him, nor does he claim he "guaranteed it. Rather, Sometime in 2021, Assentato lent $250,000 "for the solar facility application studies to the Plaintiff". "Plaintiff is solely responsible for paying back the loan with interest." ¶¶ 44 & 45. However, the "Loan Agreement" for $250,000 line of credit was not with Plaintiff, but between "The Atlas LLC ("Borrower") and Assentato as lender, due "in full on Dec. 31, 2021".

However, even his falsehoods in the pleading and written opposition do not make a  facial claim on these allegations.

    A.  <u>Not Pleaded Are Any Misrepresentations, Nor Mandatory Specific Details, Nor Facts Of <u>*Scienter.*</u></u>

    The pleading is devoid of any allegations of misrepresentations of fraud inducing Plaintiff to anything at all. The hollowness of the pleading is seen in Brown's own admissions about what happened after the County burst his dreams in refusing to change the open-space dedication that would perhaps allow his dream of a solar facility for The Atlas LLC. The motion's points show this, set forth in this footnote, verbatim.[3]

    The pleading merely alleges the most unspecific of generalities, and none fraudulent on their face and none explained in allegations as to why such was supposedly fraudulent, nor with *scienter*. Instead, the judicial admission of the pleading shows that LA County killed Plaintiff's dream. And he does not plead that he revealed this subsequent development, showing that it was Plaintiff Brown who took up deceiving Defendants, to attempt to get more money on what was now false pretenses, that The Atlas

---

(Request for Judicial Notice, dated 1/17/2024, No. 1, Exh. 1, Loan Agreement, dated February 2, 2021 ("RJN").
    And Brown did not "sell" Mr. Tonasut an interest in the land, but The Atlas LLC did: In Jan. 2022, recorded February 1, 2022, Plaintiff caused The Atlas LLC to sell a 15% undivided interest in the Property to Tonasut. (¶ 40 lines 1-3 and FAC Exh 1, Doc. 40-1, pp. 5-10, Grant Deed dated Jan. 28, 2022, The Atlas LLC grantor to Tonasut as grantee "15% Grant Deed to Tonasut").

[3] "On October 12, 2021, the County of Los Angeles denied "the solar facility permit" application, "for which no redress was available", so Plaintiff sued the County for a "Fifth Amendment Taking" in his personal capacity. (¶38; and, Judicial Admission, Complaint, Doc. 2, p. 3:17-20; After County rejected change of use, keep permanent open space but for the three acres already commercial, Plaintiff allegedly "relied" on Tonasut's "assurance of additional funding to complete the project." ¶39. On Jan. 11, 2022, Tonasut emailed to Plaintiff about a proposal to 'inject' new money "to pay off the 2nd TD for you in exchange of 15% ownership of the land . . . . "I will set aside additional fund for you to finish the project. Please let me know." (¶40 2nd half image of email). Next, in Jan. 2022, recorded February 1, 2022, Plaintiff caused The Atlas LLC to sell a 15% undivided interest in the Property to Tonasut. (¶ 40 lines 1-3 and FAC Exh 1, Doc. 40-1, pp. 5-10, Grant Deed dated Jan. 28, 2022, The Atlas LLC grantor to Tonasut as grantee "15% Grant Deed to Tonasut")."

LLC would build the solar farm on the LLC's land, and Brown sued over it as a "taking" rather than having the real party in interest, The Atlas LLC sue on it.

Furthermore, the pleadings admissions, and judicial notice show that Brown was not personally liable for anything under the purchase money deeds of trust for co-member Assentato's loan to The Atlas LLC. The pleadings admissions show that after the County killed Brown's plans for The Atlas LLC, that Brown caused The Atlas LLC to sell a fractional interest of land to Mr. Tonasut, as trustee.

Plaintiff's suspicions and conclusory allegations fail under Rule 9(b) and the PSLRA. Brown nowhere distinguishes controlling authorities from the motion's points, arguing only that his vacuous and conclusory allegations meet the mandatory tests. His pleading nowhere approaches "time, place, and specific content" of allegedly fraudulent conduct to satisfy Rule 9(b)." *Swartz v. KPMG LLP,* 476 F.3d 756, 764 ( 9th Cir. 2007). And the PSLRA stricter rules create an even higher pleading standard for Rule 9(b). "Thus, a securities fraud claim cannot survive a motion to dismiss merely by alleging that certain statements were false." *Metzler Inv. GMBH v. Corinthian Colleges, Inc*., 540 F.3d 1049, 1070 (9th Cir.2008) ("A litany of alleged false statements, unaccompanied by the pleading of specific facts indicating why those statements were false, does not meet the Rule 9(b)  standard"); *In re Oracle Corp. Securities Lit.*, 627 F.3d 376, 390 (9th Cir.2010) ("Plaintiffs must 'demonstrate that a particular statement, when read in light of all the information then available to the market, or a failure to disclose particular information, conveyed a false or misleading impression,' ". The complaint must allege "why the disputed statement was untrue or misleading when made." *In re GlenFed,* 42 F.3d at 1549. The PSLRA modified Rule 9(b)'s particularity requirement, "providing that a securities fraud complaint [must] identify: (1) each statement alleged to have been misleading; (2) the reason or reasons why the statement is misleading; and (3) all facts on which that belief is formed." 15 U.S.C. § 78u–4(b)(1). The statute requires pleading that each allegedly misleading statement or omission was made with scienter, the plaintiff "state with particularity ... facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u–4(b)(2). If the complaint does not contain such allegations, it must be dismissed.  15 U.S.C. § 78u–4(b)(3)(A)." *Scripsamerica, 56 F. Supp.3d* at 1157-1158.

The pleading utterly fails the tests of statute, Rule 9(b) and the PSLRA, and decisional authority.

B.  <u>Plaintiff's Authorities Have No Bearing</u>.

Plaintiff cites the following irrelevant cases, none supporting him, and *none being pleading case*s.

*SEC v. Addison*, 194 F. Supp. 709, 710 (N.D. Tex. 1961): the court entered judgment based on evidence regarding a case where the mining company had promised to pay the many miners of uranium based on its profits, if any, with various instruments used to deceive the miners.

*SEC v. Cavanagh*, 445 F.3d 105, 107, 109, 110 (2d Cir. 2006) dealt a judgment and injunction with the SEC stopping a "pump-and-dump" securities fraud scheme of great public scope. The SEC wanted to stop and cause profits to be disgorged involving shares of stock sold to and traded by the public at large. It involved 3,500,000 shares and a reverse merger, countless purchasers of stock by the public and 15 millions of dollars of illicit profit in the scheme to be disgorged).

But here, no allegations support application of that discussed in *Cavanaugh, i.e.,* "registration requirements", as no "prima facie" case is alleged on a public offering and public trading. And the pleadings preclude that possibility. Thus, Defendants would not even bear any evidentiary burden on the authority of whatsoever, under *Cavanagh* as inapposite, even if this passes the pleading stage. *Id.*, 445 F.3d at 111 and 112.

*SEC v. Vanco, Inc*., 166 F.Supp. 422, 423 (D. N.J. 1958) involved a corporation soliciting sales of securities and finding over six hundred persons to buy and invest, that ought to have been registered; and, a default case on mass solicitation to the public at large.

The Opposition Brief (Doc. 43), under Legal Standard, pp. 3 to 7, Plaintiff cites irrelevant decisions on "misappropriation of confidential information" and trading securities in misappropriated confidential information. No such facts or claims have been alleged, and the subject and authorities are entirely irrelevant to this pleading and claim.

At page 7 of the Opposition, his mistaken use of authority seeks to turn the pleading rules upside down. And the Court has not upheld his pleading of a securities claim, thus its dismissal order with leave to amend. He suggests that the PSLRA applies only to 'class actions' but that is false. The case law does not show that, the statute does not say that, and nothing from the legislative history presented by Brown in a sketchy footnote permits such a finding.

Finally, Plaintiff argues that the "Blue Sky" laws of California have failed him. He does not allege how or why--nor that it does or may matter on this challenge to his pleading.

From the points in the Motion: As set forth in this Court's Order, filed 12/6/2023, Doc. 38, p. 16:23 – p. 17:1 and p. 19:11-28, generally: In a Section 78j(b) claim, violation of Rule 10b-5, the elements are: (1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or omissions and the purchase or sale of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss causation. *Janus Cap. Grp., Inc. v. First Derivative Traders*, 564 U.S. 135, 141 (2011).  These pleaded elements must satisfy both Rule 9(b) and the PSLRA. *In re Verifone Holdings, Inc. Sec. Litig.*, 704 F.3d 694, 701 (9th Cir. 2012). Rule 9(b) requires specification "with particularity the time, place, and manner of each act of fraud, plus the roles of each defendant in each scheme." *Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991). The PSLRA requires that the complaint must "specify each statement alleged to have been misleading, and the reason or reasons why the statement is misleading," and must "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." *In re Verifon*e, 704 F.3d at 701 (citing 15 U.S.C. § 78u-4(b)(1)(B)). And at the Order, Doc. 38, footnote 9 on p. 19: " 'Scienter' itself means 'a wrongful state of mind.' " *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 341 (2005). It is an "intention to deceive, manipulate, or defraud." *Tellabs, Inc., v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 313 (2007)*.

The allegations entirely fail to state a cognizable federal claim.

C.  Under The Supreme Court's *Marine Bank v. Weaver*, The "Context Otherwise Requires" That No Federal Security Law Applies And Is Not Violated Nor Implicated, So Subject Matter Jurisdiction Does Not Exist.

Here, *Weaver* controls, and "the context otherwise requires" that this arrangement is not a security, for not all "investment contracts" are subject .

"The broad statutory definition is preceded, however, by the statement that the terms mentioned are not to be considered securities if 'the context otherwise requires . . . .' Moreover, we are satisfied that Congress, in enacting the securities laws, did not intend to provide a broad federal remedy for all fraud."

*Marine Bank v. Weaver*, 455 U.S. 551, 557, 102 S. Ct. 1220 (1982).

*Marine Bank* at holds at p. 560:

"Although the agreement gave the Weavers a share of the Piccirillos' profits, if any, that provision alone is not sufficient to make that agreement a security. Accordingly, we hold that this unique agreement, negotiated one-on-one by the parties, is not a security."

Here, Tonasut had no interest at all in the 'profits' that might be generated, as he was not a member of The Atlas LLC, so he has no regulated 'investment contract' (If fact, no interest at all on these allegations except a fractional interest in real estate and a purchase money loan). Likewise, Assentato and Brown, as mere passive members of The Atlas LLC, and with Assentato having a purchase money second priority loan, and a subsequent loan to The Atlas LLC does not make this an "investment contract" subject to the anti-fraud federal securities laws. Rather, this was a unique one-on-one agreement as part of The Atlas LLC's hoped for business. For, as admitted by Brown's pleadings, he was the one in control and the others hoped to get a profit from his work on The Atlas LLC, of which he was managing member.

Rather, as *Marine Bank* holds: "Whatever may be the consequences of these transaction, they did not occur in connection with the purchase or sale of 'securities' ". *Id*., 455 U.S. at 560.

Here, it was Brown himself, through The Atlas LLC, who used "schemes devised by those who seek the use of the money of others on the promise of profits . . . ." *Marine Bank*, 455 U.S. at 556 (citing *SEC v. W. J. Howey Co*., 328 U.S. 2093, 299 (1946). Brown is that person called "those", to whom the rule applies against him, and not to Defendants, whose money and property Brown sought to use, and did use for his scheme through The Atlas LLC. Thus, *Howey* and progeny show that under the statute, no federal securities claim is stated.

The two deeds of trust which secure the two purchase money notes are not securities. And The Atlas LLC as Plaintiff's controlled vehicle. Nor is the Loan Agreement between it and Assentato. Nor is Tonasut's 15% Property purchase of the real estate. Neither alone nor together are these subject federal securities. And it is not a complex arrangement. Rather here is a straight and simple one-on-one matter of negotiation. These "arrangements" do not make a regulated "investment contract" subject to federal anti-fraud securities law. Thus, "the context otherwise requires" that it be found on this pleading that no

regulated federal security exists. So, there is no facially stated claim, and no subject matter jurisdiction exists.

D.  <u>Plaintiff Ignores The Authorities That His Admitted Control As Managing Member Shows That No Claim Exists Arising From the Membership Interests of Assentato and TDE</u>.

Plaintiff's control of the business, property and money of the LLC, as its member-manager, shows as a matter of law that neither the "arrangement" nor his LLC interest is an investment contract under federal law. Here, Plaintiff fails entirely to attempt to distinguish the authorities cited in the motion. Perhaps because his judicial admissions in the pleadings make that impossible for him. He ignores *Ave. Capital Mgmt. II, L.P. v. Schaden*  843 F.3d 876, 884 (10th Cir. 2016), which upheld a motion to dismiss a federal securities claim over an LLC interest because of "control . . . preventing characterization of the (LLC)  investments as investment contracts."). Here, allegations fail as he alleges no expectations of Defendants' efforts but admits expressly that Defendants looked solely to Plaintiff for "expectation of profits derived from the efforts of individuals other than the investor." Here, he ignores also *Deutsch Energy Co. v. Mazur*, 813 F.2d 1567,  1568  (9th Cir. 1987) (no federal security law applies). These show that his claim is not subject to federal securities laws in connection with his interests in The Atlas LLC.

E.  CONCLUSION.

Accordingly, the First Amended Complaint (Doc. 40) should be dismissed with prejudice.

Date: Feb. 5, 2024.                              Respectfully Submitted,
                                                 /s/ Fred Hickman.
                                                 Fred Hickman, fredhickman@gmail.com
                                                 Attorney for all Defendants,
                                                 Tonasut, Assentato and Tax Deed Enterprises, LLC

PROOF OF SERVICE

All persons are deemed served under Local Rule 5-3.2.1 for documents filed electronically, as Plaintiff as pro se has been approved by order of this Court for ecf filing and service.

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Orange, State of California, and not a party to the above-entitled cause.

Executed on February 5, 2024, at Santa Ana, California.

I hereby certify that I am a member of the Bar of the United States District Court, Central District of California.

/s/ Fred Hickman

_____

Fred Hickman
fredhickman@gmail.com

REPLY BY DEFENDANTS I.S.O. MOTION TO DISMISS FIRST AMENDED COMPLAINT

*BROWN VS. ASSENTATO#LACV23-02972*