**NOT FOR PUBLICATION**

FILED

AUG 31 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CLINTON BROWN,

Plaintiff - Appellant,

v.

EMIL ASSENTATO; TAX DEED ENTERPRISES, LLC; STEVE WEERA TONASUT TRUST,

Defendants - Appellees.

No. 24-6119

D.C. No. 2:23-cv-02972-MEMF-KS

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Maame Ewusi-Mensah Frimpong, District Judge, Presiding

Submitted August 25, 2026**

Before: SILVERMAN, N.R. SMITH, and DE ALBA, Circuit Judges.

Clinton Brown appeals pro se from the district court's order dismissing his action alleging violations of section 5(a) of the Securities Act of 1933, 15 U.S.C. § 77e(a), section 10(b) of the Securities Exchange Act of 1934, 15

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 78j(b), and Securities and Exchange Commission Rule 10b-5, 17 C.F.R. § 240.10b-5(b). We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Mudpie, Inc. v. Travelers Cas. Ins. Co. of Am.*, 15 F.4th 885, 889 (9th Cir. 2021) (dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim); *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1129 (9th Cir. 2013) (determination as to whether a transaction is a security). We affirm.

The district court properly dismissed Brown's action because Brown failed to allege facts sufficient to show that the business arrangement with defendants constituted an investment contract and thus a "security" within the meaning of federal securities laws. *See Marine Bank v. Weaver*, 455 U.S. 551, 559-60 (1982) (concluding that a unique agreement, negotiated one-on-one by the parties, that was not ordinarily considered to be a security and that was never designed to be publicly traded, was not a security); *Oregon Pub. Emps. Ret. Fund v. Apollo Grp. Inc.*, 774 F.3d 598, 603 (9th Cir. 2014) (setting forth elements of a claim under section 10(b) and Rule 10b-5); *SEC v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1255 (9th Cir. 2013) (setting forth elements of a claim under section 5).

The district court did not abuse its discretion by dismissing Brown's action without leave to amend on the ground that Brown indicated that he did not wish to amend and did not believe he could allege further facts to state a claim under the court's interpretation of the law, and requested that any dismissal be with

prejudice. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and stating that leave to amend may be denied where amendment would be futile); *cf. Westlands Water Dist. v. Firebaugh Canal*, 10 F.3d 667, 677 (9th Cir. 1993) (concluding no abuse of discretion in the denial of leave to amend where appellants gave no indication of a desire to amend until after the district court rendered its decision). We reject as without merit Brown's contention that the district court should not have relied on Brown's statements regarding the futility of amendment.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

The motion (Docket Entry No. 12) for judicial notice is denied.

**AFFIRMED.**